COFFEY v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 107166. Submitted October 9, 1989, at Lansing. Decided
May 21, 1990. Leave to appeal applied for.

John Coffey, a minor, was injured in an accident on a public road
while operating a four-wheeled engine-powered go-cart. He
brought an action in the Midland Circuit Court against State
Farm Mutual Automobile Insurance Company, his mother's no-
fault insurer, seeking personal injury protection benefits. The
court, Tyrone Gillespie, J., granted summary disposition in
favor of defendant on the ground that the go-cart was not a
motor vehicle under the no-fault act. Plaintiff appealed and the
Court of Appeals reversed and remanded, holding that the go-
cart, when operated on a public highway, was a motor vehicle
under the no-fault act. *Coffey v State Farm Mutual Automobile
Ins Co,* 162 Mich App 264 (1987). On remand, the trial court
ruled that the go-cart was subject to the registration require-
ments of the Michigan Vehicle Code, that the go-cart was
operated without the insurance required under the no-fault act,
and that the highway-crossing exception to the registration
requirements of the Michigan Vehicle Code did not apply under
the facts of the case. The jury determined that plaintiff was the
owner of the go-cart and the trial court entered a judgment for
defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court, on remand, did not abuse its discretion in
permitting defendant to amend its answer to specifically in-
clude the exclusionary defense afforded by MCL 500.3113(b);
MSA 24.13113(b).

2. The trial court did not err in directing a verdict as to all
issues under § 3113(b) except ownership.

3. The trial court properly found that plaintiff, as owner of

REFERENCES

Am Jur 2d, Automobile Insurance §§ 353, 354, 356; Pleading §§ 152,
309-312; Trial § 427.

Effect of statutory exclusion, from personal injury protection of no-
fault insurance coverage, of owner, registrant, or occupant of
uninsured vehicle. 27 ALR4th 176.

the vehicle involved in the accident, was not entitled to recover no-fault benefits.

Affirmed.

1. Pleading — Affirmative Defenses — Amendment of Pleadings.

Affirmative defenses may be raised by amendment of a party's pleadings.

2. Pleading — Amendment of Pleadings.

Leave to amend a complaint shall be freely given when justice so requires; a motion to amend should be denied only for such specific reasons as futility, failure to cure deficiencies by amendments previously allowed, undue delay, prejudice to the nonmoving party, or bad faith or dilatory motive by the movant; prejudice sufficient to justify denial arises when amendment would prevent a party from having a fair trial (MCR 2.118[A][2]).

3. Trial — Directed Verdict.

A trial court may direct a verdict on an issue if the evidence, viewed in a light most favorable to the nonmoving party, fails to give rise to a material issue of fact upon which reasonable minds could differ.

4. Insurance — No-Fault — Motor Vehicles — Go-Carts.

A four-wheeled go-cart powered by an engine, when operated on a public highway, is a motor vehicle subject to the registration requirements of the Michigan Vehicle Code and the insurance requirements of the no-fault act (MCL 257.33, 257.216, 500.3101[1] and [2][e]; MSA 9.1833, 9.1916, 24.13101[1] and [2] [e]).

5. Insurance — No-Fault — Personal Protection Insurance Benefits — Failure to Insure.

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident the person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by the no-fault act was not in effect (MCL 500.3113[b]; MSA 24.13113[b]).

*Leonard C. Battle,* for plaintiff.

*Fortino, Plaxton & Moskal* (by *Kenneth D. Plaxton*), for defendant.

Before: Holbrook, Jr., P.J., and Brennan and Reilly, JJ.

Reilly, J. Plaintiff appeals as of right from an order of judgment entered in favor of defendant. The judgment was based on a finding that plaintiff was not entitled to personal injury protection benefits under certain insurance policies issued by defendant. We affirm.

Plaintiff, a sixteen-year-old minor, filed the instant action against defendant on January 9, 1986, asserting that defendant had improperly denied him personal injury protection benefits under either of two no-fault automobile insurance policies issued to his mother. Plaintiff's claim for the benefits arose from injuries he suffered when he collided with a motorcycle while driving a four-wheel go-cart, with a 2½ horsepower engine, on a public road. Defendant denied plaintiff's claim on the basis that the go-cart was not a motor vehicle under Michigan's no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* This assertion was accepted by the trial court but rejected on appeal by another panel of this Court, which determined that the go-cart, when operated on a public highway, was a motor vehicle under the no-fault act. The case was remanded for further proceedings. *Coffey v State Farm Mutual Automobile Ins Co,* 162 Mich App 264; 412 NW2d 281 (1987). After remand, the defendant was permitted to amend its answer to assert the exclusionary defense of § 3113(b) of the no-fault act, MCL 500.3113(b); MSA 24.13113(b), which provides:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \*

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

A jury trial was held in February of 1988. Following testimony, defendant moved for a directed verdict as to all issues arising under § 3113(b), because plaintiff operated his vehicle on a public highway without insurance and there was no issue of fact.

Pursuant to § 3101, the owner of a motor vehicle required to be registered shall maintain no-fault insurance (security) during the period the vehicle is driven or moved on a highway. MCL 500.3101(1); MSA 24.13101(1). With few exceptions, every motor vehicle which is driven or moved upon a highway must be registered. MCL 257.216; MSA 9.1916. The only exception to the registration requirement argued by plaintiff is subsection (b), which excludes a vehicle driven on a highway only for the purpose of crossing that highway from one property to another. MCL 257.216(b); MSA 9.1916(b). Plaintiff further claimed that the go-cart was a toy vehicle not designed for travel on a public roadway and, therefore, not required to be registered. Plaintiff reasoned that if his vehicle could not be registered, he was not required to obtain insurance.

Following argument, the trial court ruled as a matter of law that the go-cart was subject to the registration requirements of the Michigan Vehicle Code because the go-cart was determined to be a "motor vehicle" and the evidence clearly established that it was driven on a public road.[1] The

---

[1] Plaintiff's vehicle is a "motor vehicle" under both the no-fault act, MCL 500.3101(2)(e); MSA 24.13101(2)(e), and under the Michigan Vehicle Code, MCL 257.33; MSA 9.1833.

trial court also held that the highway crossing exception did not apply because plaintiff was driving the go-cart along one side of the road, not across it, and because he was headed toward a neighbor's property, not his own. Consequently, the only question presented to the jury for purposes of § 3113(b) was whether plaintiff was the owner of the go-cart. The jury answered this question in the affirmative and judgment was entered for defendant.

On appeal, plaintiff first contends that the trial court erred in permitting defendant to amend its answer after remand to specifically include the exclusionary defense afforded by § 3113(b). Plaintiff maintains that this defense was waived because it was not included in defendant's initial responsive pleadings. However, affirmative defenses may be raised by amendment, *Knoblauch v Kenyon,* 163 Mich App 712, 715; 415 NW2d 286 (1987), and leave to amend "shall be freely given when justice so requires." MCR 2.118(A)(2). A motion to amend should be denied only for such specific reasons as "futility, failure to cure deficiencies by amendments previously allowed, undue delay, prejudice to the nonmoving party, or bad faith or dilatory motive by the movant." *Executone Business Systems Corp v IPC Communications, Inc,* 177 Mich App 660, 671; 442 NW2d 755 (1989), citing *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). Prejudice sufficient to justify denial of a motion to amend arises when amendment would prevent a party from having a fair trial. *Id.,* citing *Muilenberg v The Upjohn Co,* 169 Mich App 636, 645; 426 NW2d 767 (1988), lv den 432 Mich 890 (1989).

In the instant case, plaintiff was not denied a fair trial by defendant's amendment. The record indicates that plaintiff was aware that defendant

would rely on § 3113(b) at least as early as the first appeal, when defendant raised § 3113(b) in response to a request from plaintiff that this Court enter summary disposition in his favor. Moreover, defendant filed the motion to amend four months prior to trial. Under these circumstances, the trial court's decision permitting amendment was not an abuse of discretion.

Plaintiff next contends that the trial court erred in directing a verdict as to all issues under § 3113(b) except ownership. A trial court may direct a verdict on an issue if the evidence, viewed in a light most favorable to the nonmoving party, fails to give rise to a material issue of fact upon which reasonable minds could differ. *Reeves v Cincinnati, Inc,* 176 Mich App 181, 183; 439 NW2d 326 (1989). We reject plaintiff's assertions that there was a question of fact as to whether the go-cart was a "motor vehicle" under the Michigan Vehicle Code, for purposes of determining if plaintiff was an "owner" under that code, because those assertions were not addressed to the trial court. *Joe Dwyer, Inc, v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988). Further, there was no factual dispute regarding the highway crossing exception because plaintiff admitted that he was not crossing the road, but was "driving down on the road."

Finally, we agree with the trial court that plaintiff, as owner of the vehicle involved in the accident, is not entitled to recover no-fault benefits. Plaintiff's go-cart, when operated on the public highway, was a motor vehicle subject to the registration requirements of the Michigan Vehicle Code and the insurance requirements of the no-fault act. We reach this conclusion even though the Attorney General has opined that "toy vehicles," like the go-cart in the instant case, should *not* be

registered. 1 OAG, 1959-1960, No 3428, p 185 (September 11, 1959). Because these toy vehicles are not equipped with a variety of required safety equipment, the Attorney General described them as a "menace" and stated that "[i]t would be highly inconsistent . . . to register vehicles for highway use when it is evident that such vehicles violate the provisions of the vehicle code." *Id.* at 187.

It would be incongruous to interpret this opinion as an authorization for such vehicles to be operated on the highway without registration because they cannot meet the registration requirements.

Section 216 of the Michigan Vehicle Code, MCL 257.216; MSA 9.1916, provides in part:

> Every motor vehicle . . . when driven or moved upon a highway, shall be subject to the registration and certificate of title provisions of this act.

"Subject to motor vehicle registration" means not that the vehicle is *capable* of being registered but rather that it *must* be registered if it is to be driven on a highway. *Reaver v Westwood,* 148 Mich App 343; 384 NW2d 156 (1986).

It would be equally inconsistent to interpret the Attorney General's opinion as permitting vehicles which are not designed for operation on the highway, and therefore cannot meet the registration requirements, to be exempt from the registration mandate under § 216 of the Michigan Vehicle Code. A motor vehicle which is operated on the highway is subject to the registration requirements. Operation on the highway without registration is a misdemeanor. MCL 257.215; MSA 9.1915. If the vehicle cannot be registered because it does not meet the registration requirements, then it should not be driven on the highway.

Therefore we conclude that plaintiff, as owner of the motor vehicle involved in the accident, having failed to obtain registration and insurance for that vehicle when it was driven on the highway, is precluded from receiving no-fault benefits under § 3113(b). See *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231; 293 NW2d 594 (1980); *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139; 324 NW2d 1 (1982).

Affirmed.