NELSON v TRANSAMERICA INSURANCE SERVICES

Docket No. 119716. Submitted October 2, 1990, at Marquette. Decided April 15, 1991, at 9:50 A.M. Leave to appeal sought.

Jim A. Nelson, injured in a highway collision with a truck while riding an off-road motorcycle which was not insured pursuant to the no-fault act and was not registered pursuant to either the off-road recreational vehicle act or the Vehicle Code, brought an action in the Iron Circuit Court against Transamerica Insurance Services, the no-fault insurer of the truck, seeking personal injury protection benefits. The court, John D. Payant, J., granted summary disposition for the defendant, ruling that the plaintiff's vehicle was a motorcycle as defined in the no-fault act and that because the plaintiff did not have the required no-fault insurance for the motorcycle, he was precluded from recovering PIP benefits. The court also held that had the plaintiff registered his motorcycle as an off-road vehicle, it would have been outside the realm of the no-fault act. The plaintiff appealed.

The Court of Appeals *held:*

A motorcycle which fits the definition of an off-road recreational vehicle under the off-road recreational vehicle act, MCL 257.1601(j); MSA 9.3300(1)(j), is subject to the insurance requirements of the no-fault act, MCL 500.3103(1); MSA 24.13103(1), when used on a public highway regardless of whether it can be registered pursuant to the Vehicle Code, MCL 257.216; MSA 9.1916, for operation on the public highways.

In this case, because the plaintiff had failed to insure his motorcycle pursuant to the no-fault act, § 3103(1), he is precluded by § 3113(b) of the act, MCL 500.3113(b); MSA 24.13113(b), from receiving personal injury protection benefits.

Affirmed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 34, 87, 187, 188, 231, 340 *et seq.*

What constitutes "motor vehicle" for purposes of no-fault insurance. 73 ALR4th 1053.

Motorcycle as within automobile liability policy provision covering temporary or infrequent use of other automobiles. 66 ALR3d 451.

INSURANCE — NO-FAULT — OFF-ROAD MOTORCYCLES.

    A motorcycle which fits the definition of an off-road recreational
vehicle under the off-road recreational vehicle act is subject to
the insurance requirements of the no-fault act when used on a
public highway regardless of whether it can be registered
pursuant to the Vehicle Code for operation on the public
highways (MCL 257.216, 257.1601[j], 500.3103[1]; MSA 9.1916,
9.3300[1][j], 24.13103[1]).

*Petrucelli & Petrucelli, P.C.* (by *Joseph C. Sarto-relli*), for the plaintiff.

*Geissler & Dean, P.C.* (by *Timothy M. Dean*), for the defendant.

Before: MURPHY, P.J., and BRENNAN and MARI-LYN KELLY, JJ.

BRENNAN, J. Plaintiff appeals as of right from a February 27, 1990, order granting summary disposition in favor of defendant Transamerica Insurance Services. Plaintiff filed suit against Transamerica to recover personal injury protection benefits under the no-fault act for injuries sustained in an August 1988 accident. We affirm.

The facts are undisputed. On August 25, 1988, plaintiff, while riding his motorcycle on a public road, collided with a truck and sustained serious injuries. The motorcycle had a piston displacement of 125 cubic centimeters and was not equipped with headlights, brake lights, or turn signals. Plaintiff did not have insurance or a license plate for the motorcycle and did not register it as an "off-road recreational vehicle" (ORV). On October 18, 1988, plaintiff filed a first-party no-fault action to recover personal injury protection benefits. The named defendants were Transamerica, the no-fault insurer of the truck driver involved in the collision, and Michigan Mutual Insurance Company,

the no-fault insurer of a 1982 Datsun pickup truck owned by plaintiff.

Michigan Mutual was granted summary disposition because Transamerica was liable under the priority provision of the no-fault act for any benefits due plaintiff. MCL 500.3114(5); MSA 24.13114(5). Transamerica also filed a motion for summary disposition, which was initially denied by the court. Transamerica then filed a subsequent motion for summary disposition, basically making the same arguments made in the prior motion. Transamerica argued that because plaintiff had not obtained insurance for his motorcycle, he was precluded from recovering PIP benefits. Transamerica also argued that because plaintiff had not registered his motorcycle as an ORV, he could not invoke the benefits of the statute exempting ORVs from the insurance requirements of the no-fault act.

Plaintiff responded to Transamerica's motion by arguing that because his motorcycle fit the definition of an ORV, he was exempt from the insurance requirements of the no-fault act, regardless of whether the motorcycle was registered as an ORV. Plaintiff further contended that his vehicle could not be registered as a motorcycle for use on public highways because it was not equipped with headlights, brake lights, or turn signals. Plaintiff reasoned that because he could not register the motorcycle, he was not required to purchase a no-fault insurance policy to cover it.

The trial court found that plaintiff's vehicle was a motorcycle as defined in the no-fault act and, because plaintiff did not have the required no-fault insurance for his motorcycle, he was precluded from recovering PIP benefits. The court further held that had plaintiff registered his motorcycle as an ORV, it would have been outside the realm of

the no-fault act. The trial court made no determination with respect to whether plaintiff's motorcycle was an ORV.

On appeal, plaintiff makes the same arguments made in the trial court and argues that the trial court erred in granting summary disposition to defendant. Plaintiff maintains that because his injuries arose out of the use° of a motor vehicle, he is entitled to PIP benefits. Transamerica also reiterates the arguments it made in the lower court and urges this Court to adopt the trial court's holding.

The basic dispute is whether a vehicle which may be considered as either an ORV or a motorcycle under the no-fault act, but which is not registered as an ORV, is exempt from having to be covered by a no-fault insurance policy when operated on a public road. This is a case of first impression involving the interplay between the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, and the off-road recreational vehicle act, MCL 257.1601 *et seq.*; MSA 9.3300(1) *et seq.* Plaintiff claims PIP benefits pursuant to § 3114 of the no-fault act, MCL 500.3114; MSA 24.13114. The relevant sections of the no-fault act are §§ 3101, 3103, and 3113. Pursuant to § 3103(1), MCL 500.3103(1); MSA 24.13103(1), an "owner or registrant of a motorcycle shall provide security against loss resulting from liability imposed by law for property damage, bodily injury, or deaths suffered by a person arising out of the ownership, maintenance, or use of that motorcycle." MCL 500.3101(2)(c); MSA 24.13101(2)(c) defines a motorcycle as follows:

"Motorcycle" means a vehicle having a saddle or seat for the use of the rider, designed to travel on not more than 3 wheels in contact with the ground, which is equipped with a motor that exceeds 50 cubic centimeters piston displacement.

The wheels on any attachment to the vehicle shall not be considered as wheels in contact with the ground. Motorcycle does not include a moped, as defined in section 32b of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan Compiled Laws.

Further, § 3113(b) of the act, was amended in 1986 to provide that a "person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . [t]he person was the owner or registrant of a . . . motorcycle involved in the accident with respect to which the security required by section . . . 3103 was not in effect." MCL 500.3113(b); MSA 24.13113(b).

Plaintiff does not dispute that his vehicle fit the definition of a motorcycle as defined in the no-fault act. Rather, plaintiff argues that his motorcycle also meets the definition of an ORV as defined in § 1(j) of the ORV act, MCL 257.1601(j); MSA 9.3300(1)(j), now MCL 257.1601(k); MSA 9.3300(1) (k):

> "ORV" or "vehicle" means a motor driven off-road recreation vehicle capable of cross-country travel without benefit of a road or trail, on or immediately over land, snow, ice, marsh, swamp-land, or other natural terrain. It includes, but is not limited to a multitrack or multiwheel drive or low pressure tire vehicle, a motorcycle or related 2-wheel or 3-wheel vehicle, an amphibious machine, a ground effect air cushion vehicle, or other means of transportation deriving motive power from a source other than muscle or wind. "ORV" or "vehicle" does not include a registered snowmobile, a farm vehicle being used for farming, a vehicle used for military, fire, emergency, or law enforcement purposes, a construction or logging vehicle used in performance of its common function, or a registered aircraft.

Plaintiff argues that because his motorcycle also fits the definition of an ORV, he is exempt from having to provide security for it as required by MCL 500.3103(1); MSA 24.13103(1). Plaintiff relies on §§ 3 of the ORV act, enacted in 1976, which exempts ORVs from the provisions of the no-fault act. MCL 257.1603; MSA 9.3300(3). Plaintiff further argues that his motorcycle did not have a headlight, brake lights, or turn signals as required by MCL 257.685; MSA 9.2385 and MCL 257.697; MSA 9.2397 for motorcycles operated on a public highway. Plaintiff therefore asserts that his motorcycle could not be registered to operate on the highway pursuant to § 216 of the Michigan Vehicle Code, MCL 257.216; MSA 9.1916. Plaintiff reasons that because his motorcycle could not be registered, he was not required to purchase no-fault insurance for it. Section 216 of the Michigan Vehicle Code provides in part:

> Every motor vehicle . . . when driven or moved upon a highway, shall be subject to the registration and certificate of title provisions of this act
> . . . .

A motor vehicle includes a motorcycle under the Vehicle Code. MCL 257.31; MSA 9.1831.

Defendant responds that plaintiff was required to register his motorcycle as an ORV and that because he failed to do so he is not exempt from the provisions of the no-fault act. Defendant relies on MCL 257.1604; MSA 9.3300(4), which requires that, with limited exceptions, an ORV must be registered as an ORV, and on MCL 257.1624; MSA 9.3300(24), which provides that failure to comply with the ORV act is a misdemeanor.

It is well recognized that statutes in pari materia, i.e., statutes relating to the same subject but

enacted at different times, must be construed to preserve the intent of each and, if possible, to ensure that the effectiveness of one does not negate the effectiveness of the other. *Bay Co Executive v Bay Co Bd of Comm'rs,* 177 Mich App 560, 567-568; 443 NW2d 168 (1989). Because motorcycles fall under both the no-fault act and the ORV act, a distinction must be drawn between those motorcycles requiring insurance and those recognized as ORVs and thus exempt from the provisions of the no-fault act. Confusion arises when, as in the present case, a motorcycle is neither registered as an ORV nor covered by no-fault insurance, yet is operated on a public road. The determination whether a motorcycle is an ORV cannot be made simply on the basis of whether the motorcycle is equipped for off-road purposes as plaintiff suggests because a motorcycle may be registered as an ORV yet be equipped with the proper safety features and be registered under the Vehicle Code to properly be operable on a public road. MCL 257.1614; MSA 9.3300(14).

Nor do we find, as defendant suggests, that the decision can be made on the basis of whether a motorcycle is registered as an ORV, because not all ORVs require registration. MCL 257.1604; MSA 9.3300(4) exempts from registration ORVs operated exclusively on land owned by, or under the control of, the vehicle owner. MCL 257.1605; MSA 9.3300(5) exempts from registration ORVs operated exclusively in a special event of limited duration which is conducted according to a prearranged schedule under a permit from the appropriate governmental unit, and ORVs used exclusively in a safety and training program. From these sections, it is clear that it is not the mere fact of registration which determines whether a motorcycle is an ORV. Rather, it is the use to which the motorcycle

is put. We therefore find that the distinction must be drawn between those motorcycles operated as ORVs and those that are operated as motorcycles on a public road. Because plaintiff was operating his motorcycle on a public road at the time of the accident, we find that he cannot invoke the benefits of § 3 of the ORV act, which exempts ORVs from the insurance requirements of the no-fault act.

Not only is this interpretation consistent with other provisions of the ORV act, it is also consistent with a recent decision of this Court. In *Coffey v State Farm Mutual Automobile Ins Co,* 183 Mich App 723, 729; 455 NW2d 740 (1990), the plaintiff filed suit against the defendant insurance company, asserting that the defendant had improperly denied him PIP benefits for injuries he suffered when he collided with a motorcycle while driving his go-cart on a public road. The trial court ruled that a go-cart, when operated on a public highway, is a motor vehicle subject to the registration requirements of the Vehicle Code and the insurance requirements of the no-fault act. The court ultimately held that the plaintiff was not entitled to PIP benefits for injuries arising out of the use of the go-cart on a public highway where he failed to provide the security required by the no-fault act under MCL 500.3101(1); MSA 24.13101(1).

The plaintiff in *Coffey* appealed the ruling to this Court, arguing that the go-cart was not designed for operation on a public roadway and, therefore, it was not required to be registered. The plaintiff reasoned that because his vehicle could not be registered, he was not required to obtain no-fault insurance for it. In response to this argument, this Court quoted § 216 of the Vehicle Code and held that the phrase "subject to motor vehicle registration" does not mean that the vehicle is *capable* of being registered, but rather that it *must*

be registered if it is to be driven on a highway. *Id.,* p 729. This Court affirmed the trial court's ruling, stating that if the vehicle cannot be registered because it does not meet the registration requirements, then it should not be driven on the highway.

In accord with the analysis of *Coffey,* if a motorcycle which fits the definition of an ORV is used on a public highway, then it is subject to the insurance requirements of the no-fault act, regardless of whether it is capable of being registered to be driven on a highway. In the instant case we find that because plaintiff was operating his motorcycle on a public road, he was required by MCL 500.3103(1); MSA 24.13103(1) to provide security for his motorcycle, and, because he failed to do so, he is not entitled to PIP benefits pursuant to MCL 500.3113(b); MSA 24.13113(b).

Affirmed.