NELSON v TRANSAMERICA INSURANCE SERVICES

Docket No. 92069. Argued October 13, 1992 (Calendar No. 2). Decided
    December 22, 1992.

    Jim A. Nelson brought an action in the Iron Circuit Court
        against Transamerica Insurance Services, seeking personal in-
        jury protection benefits for injuries sustained when his un-
        insured off-road motorcycle collided with a pickup truck in-
        sured by the defendant. The court, John D. Payant, J., granted
        summary disposition for the defendant, finding that because
        the term "motorcycle" falls within both the no-fault act and
        the off-road recreation vehicles act, the no-fault act prevails
        and that all motorcycle owners must obtain public liability
        insurance or forfeit personal injury protection benefits. The
        Court of Appeals, Murphy, P.J., and Brennan and Marilyn J.
        Kelly, JJ., affirmed, but on different grounds (Docket No.
        119716). The plaintiff appeals.

        In a unanimous opinion by Chief Justice Cavanagh, the
        Supreme Court held:

        The no-fault act and the off-road vehicles act, read together,
        demonstrate that, although motorcycles as defined by the no-
        fault act must be insured, motorcycles that meet the definition
        of off-road vehicle are exempt from the insurance requirement
        under § 3103 of the no-fault act, regardless of whether the
        motorcycle is registered as an off-road vehicle. A person injured
        in a collision involving a motor vehicle and a motorcycle is
        entitled to collect personal injury protection benefits under
        § 3105.

        1. Both § 3103(1) of the no-fault act requiring owners of
        motorcycles to obtain public liability insurance and § 3 of the
        off-road recreation vehicles act exempting owners of off-road
        recreation vehicles from the no-fault act's insurance require-
        ment can be reconciled. The requirement of § 3103(1) was
        intended to apply only to "on" road motorcycles. Inclusion of

REFERENCES
Am Jur 2d, Automobile Insurance §§ 353, 354.
See the ALR Index under Automobile Insurance; No-Fault Insur-
    ance.

the term "motorcycle" in the definition of off-road vehicles logically was intended to apply only to motorcycles specifically designed for off-road use. Section 3113 provides the penalty for failing to obtain public liability insurance for motorcycles when required. If the vehicle meets the definition of an off-road vehicle, it remains an off-road vehicle even if it is not registered as one.

2. Although off-road motorcycles are exempt from the insurance requirement of the no-fault act, an injured motorcyclist is entitled to personal injury protection benefits if the injury occurred in a collision involving a motor vehicle, and may look to the priority provisions of the no-fault act to determine which insurer is liable to pay benefits. If the motorcycle is an off-road vehicle, the driver is not required to carry any insurance and the priority provisions of MCL 500.3114(5); MSA 24.13114(5) control. Off-road motorcyclists are not excluded from the no-fault act priority provisions merely because they are excluded from the requirement to obtain liability coverage.

3. The plaintiff pleaded sufficient facts to show that his motorcycle was designed solely for use as an off-road vehicle.

Reversed and remanded.

188 Mich App 486; 470 NW2d 456 (1991) reversed.

INSURANCE — NO-FAULT — OFF-ROAD VEHICLES — MOTORCYCLES.

The no-fault act and the off-road vehicles act, read together, demonstrate that, although motorcycles as defined by the no-fault act must be insured, motorcycles that meet the definition of off-road vehicle are exempt from the insurance requirement under § 3103 of the no-fault act, regardless of whether the motorcycle is registered as an off-road vehicle; a person injured in a collision involving a motor vehicle and a motorcycle is entitled to collect personal injury protection benefits (MCL 257.1601 et seq., 500.3103[1], 500.3105; MSA 9.3300[1] et seq., 24.13103[1], 24.13105).

*Petrucelli & Petrucelli, P.C.* (by *Joseph C. Sartorelli*), for the plaintiff.

*Geissler & Dean, P.C.* (by *Timothy M. Dean*), for the defendants.

CAVANAGH, C.J. This Court is asked to reconcile

§ 3103(1)[1] of the Michigan no-fault act,[2] which requires owners of motorcycles[3] to obtain public liability insurance, with § 3[4] of the off-road recreation vehicles act,[5] which exempts owners of off-road recreation vehicles (ORV), which include motorcycles,[6] from the no-fault act's insurance

[1] Section 3103(1) provides:

An owner or registrant of a motorcycle shall provide security against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by a person arising out of the ownership, maintenance, or use of that motor vehicle. The security shall conform with the requirements of section 3009(1).

[2] MCL 500.3101 et seq.; MSA 24.13101 et seq.

[3] MCL 500.3101(2)(a); MSA 24.13101(2)(a):

"Motorcycle" means a vehicle having a saddle or seat for the use of the rider, designed to travel on not more than 3 wheels in contact with the ground, which is equipped with a motor that exceeds 50 cubic centimeters piston displacement. The wheels on any attachment to the vehicle shall not be considered as wheels in contact with the ground. Motorcycle does not include a moped . . . .

[4] MCL 257.1603; MSA 9.3300(3) provides:

An ORV is exempt from the provisions of Act No. 198 of the Public Acts of 1965, as amended, being sections 257.1101 to 257.1132 of the Michigan Compiled Laws, and from the provisions of sections 3101 to 3179 of Act No. 218 of the Public Acts of 1956, as amended, being section 500.3101 to 500.3179 of the Michigan Compiled Laws.

[5] MCL 257.1601 et seq.; MSA 9.3300(1) et seq.

[6] MCL 257.1601(m); MSA 9.3300(1)(m), now MCL 257.1601(o); MSA 9.3300(1)(o) provides:

"ORV" or "vehicle" means a motor driven off-road recreation vehicle capable of cross-country travel without benefit of a road or trail, on or immediately over land, snow, ice, marsh, swampland, or other natural terrain. It includes, but is not limited to a multitrack or multiwheel drive vehicle, an ATV, a motorcycle or related 2-wheel, 3-wheel, or 4-wheel vehicle, an amphibious machine, a ground effect air cushion vehicle, or other means of transportation deriving motive power from a source other than muscle or wind.

requirement. We hold that the no-fault act and the ORV act, read together, demonstrate that, although motorcycles as defined by the no-fault act must be insured, motorcycles that meet the ORV definition are exempt from the insurance requirement under § 3103 of the no-fault act,[7] regardless of whether the motorcycle is registered as an ORV; a person injured in a collision involving a motor vehicle and a motorcycle is entitled to collect personal injury protection benefits under § 3105.[8]

I

On August 25, 1988, plaintiff Jim Nelson was riding an uninsured, Kawasaki KX 125 motorcycle when he collided with a pickup truck, insured by defendant Transamerica. The accident occurred while plaintiff was traveling in Iron County on Hillside Road, a dead-end road described as an old logging trail wide enough for one car. Plaintiff collided with the pickup truck, traveling in the opposite direction, when plaintiff rounded a blind curve.

Before the accident, plaintiff was operating his motorcycle on off-road-vehicle trails. Plaintiff was on Hillside Road because it connected two sections of ORV trails. Plaintiff suffered multiple injuries and filed suit against the defendant for payment of personal injury protection benefits.[9]

[7] The purpose and the design of the vehicle may determine whether the vehicle meets the definition of an ORV. In this case, the sole purpose and design of the vehicle was for off-road recreation. It is possible that some motorcycles that are designed as ORVs also have the safety features required for on-road motorcycles that would allow them to be used on public highways. We do not decide today whether a motorcycle must be insured where the motorcycle is designed or used both for "on- and off-road" purposes.

[8] MCL 500.3105; MSA 24.13105.

[9] Personal injury protection benefits may be sought pursuant to MCL 500.3105; MSA 24.13105 and MCL 500.3114(1); MSA 24.13114(1).

Defendant claims that plaintiff is barred from receiving benefits because he failed to insure his motorcycle as required by the no-fault insurance act, MCL 500.3103; MSA 24.13103,[10] and because he failed to register his motorcycle as an ORV.[11] Plaintiff claims that his motorcycle is exempt from the no-fault act insurance requirement, MCL 257.1603; MSA 9.3300(3), because it is an off-road recreational vehicle under MCL 257.1601(m); MSA 9.3300(1)(m), and that it is irrelevant whether the motorcycle was registered as an ORV.

The trial court granted defendant's motion for summary disposition[12] because the vehicle was a

---

[10] The penalty for failing to obtain appropriate insurance is set forth in MCL 500.3113; MSA 24.13113 which provides:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle.

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

(c) The person was not a resident of this state, was an occupant of a motor vehicle or motorcycle not registered in this state, and was not insured by an insurer which has filed a certification in compliance with section 3163.

[11] The ORV act applicable in this case required the vehicle to be registered, MCL 257.1604; MSA 9.3300(4). The penalty for violating the act is a misdemeanor. MCL 257.1624; MSA 9.3300(24). Defendant argues that the ORV exemption is not invoked unless the motorcycle is registered under the ORV act.

[12] This was defendant's second motion. The trial court denied his first summary disposition motion, reasoning:

My query and the reason—one of the primary reasons I'm denying this motion at this time is that this is a vehicle that is not subject to registration as a motor vehicle, as I understand it, and as such it cannot—it cannot—the owner cannot buy a policy of insurance for it . . . in effect [plaintiff] was violating . . . the law apparently if this is a place that an ORV should

motorcycle as defined in the no-fault act and plaintiff failed to obtain the required insurance. The trial court held that because the term motorcycle falls within both the no-fault act and the ORV act, the no-fault act prevails; therefore, all motorcycle owners must obtain public liability insurance or forfeit personal injury protection benefits. The Court of Appeals affirmed,[13] and we now reverse.

## II

The conflict in this case arose because the Legislature, in amending the no-fault act,[14] added motorcycles to the list of vehicles for which owners are required to obtain insurance. The Legislature did not, however, amend the ORV act, in which motorcycles are included in the definition of off-road recreation vehicles that are exempt from the insurance requirement.

It is this Court's duty to read the statutes together to avoid rendering any provision meaningless:

not be driven, but it sure looks like an ORV to me, even though it did meet the—the technical requirements by definition of a motorcycle under the no-fault . . . .

[13] 188 Mich App 486; 470 NW2d 456 (1991). The Court of Appeals erroneously held that the instant the plaintiff entered the public road his vehicle became a motorcycle for which liability insurance was required under the no-fault act. In this case, it is undisputed that the road is an old logging trail, but the parties disagree whether it is a private or a public road. Nonetheless, being on a public road does not change the character of an ORV and does not automatically disqualify its operator from eligibility for no-fault benefits under MCL 500.3113; MSA 24.13113. See also MCL 257.1614, 257.1624; MSA 9.3300(14), 9.3300(24). We also reject the Court of Appeals reliance on *Coffey v State Farm Mutual Automobile Ins Co,* 183 Mich App 723; 455 NW2d 740 (1990). That case involved a go-cart, for which there is no exemption under the no-fault act. The case did not challenge whether a motorcycle or other ORV was exempt from the no-fault act insurance requirement. These two cases cannot be decided on the same basis.

[14] Referring to 1975 PA 329, effective January 1, 1976, which added § 3103.

> [T]his Court must still give the statute a valid and reasonable construction that will reconcile any inconsistencies and give effect to all its parts. [*Girard v Wagenmaker,* 437 Mich 231, 238; 470 NW2d 372 (1991).]

We find that the statutory sections can be reconciled.

The first provision apposite to such a reconciliation is the Motor Vehicle Accident Claims Act,[15] enacted in 1965, which sought to provide protection for those injured in a collision with an uninsured motor vehicle. The owner of an uninsured motor vehicle or uninsured motorcycle was required to pay a $45 uninsured motorist fee, which financed the accident claims fund.

In October 1973, Michigan adopted the no-fault act. "The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses. . . . [W]hereby every Michigan motorist would be required to purchase no-fault insurance or be unable to operate a motor vehicle legally in this state." *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978). The penalty for not obtaining insurance for a motor vehicle was forfeiture of personal injury protection insurance benefits. MCL 500.3113; MSA 24.13113. The no-fault act, however, expressly excluded motorcycles from the insurance requirement. MCL 500.3101; MSA 24.13101.

In 1975 the Legislature enacted the orv act. The bill was introduced to "require that all off-road vehicles . . . which are operated on or over land, snow, ice, marsh, swampland, or other natural terrain be registered with the Department of

---

[15] MCL 257.1101 *et seq.*; MSA 9.2801 *et seq.*

State." House Legislative Analysis, HB 4729, May 14, 1975. The act specifically excluded ORV's from the no-fault act and the Motor Vehicle Accident Claims Act requirements. At the time the ORV act was enacted, uninsured motorcyclists still were required to pay into the uninsured vehicle fund under the Motor Vehicle Accident Claims Act. Following the ORV act's enactment, only non-ORV motorcycles were required to pay into the fund. This provision is the first time the Legislature distinguished between on- and off-road motorcycles.

In 1975 the Legislature also amended the no-fault act to require motorcycles to obtain public liability insurance.[16] This amendment was enacted in response to proposed legislation that would abolish the Motor Vehicles Accident Claims Fund.[17] Apparently, the motorcycle insurance requirement was enacted as a substitute for the accident claims fund in the event it was abolished.

In creating the substitute, the Legislature intended that only "on" road motorcycles be required to obtain public liability insurance. First, the Legislature knew that ORV motorcycles already were exempt from the Motor Vehicle Accident Claims Act, thus no substitute was necessary.[18] Second, the Legislature knew that ORV motorcycles

---

[16] The amendment did not require motorcyclists to obtain insurance providing no-fault benefits. *Underhill v Safeco Ins Co,* 407 Mich 175; 284 NW2d 463 (1979).

[17] [A]lthough motorcyclists are not required to have insurance in order to operate their vehicles, those who do not are required under the Motor Vehicle Accident Claims Act to pay a $45 uninsured motorist fee. However, *legislation is now pending (House Bill 5296) which would have the effect of abolishing the Accident Claims Fund.* [House Legislative Analysis, HB 5295, November 14, 1975. Emphasis added.]

[18] The Legislature is presumed to be aware of existing statutes. *Malcolm v East Detroit,* 437 Mich 132, 138; 468 NW2d 479 (1991).

already were exempt from the no-fault act,[19] and they did not take any steps to repeal that exemption. As a result, it appears the motorcycle insurance requirement was intended only for on-road motorcycles.

Furthermore, inherent in the definition of ORV is the intention that only off-road vehicles be included. It logically follows that in including the term "motorcycle" in the ORV definition, the Legislature intended to include only motorcycles that were specifically designed for off-road use. Thus, the no-fault act states which vehicles must be insured, and the ORV exemption states which vehicles are exempt from the no-fault act insurance requirement.

For example, the general category of four-wheel motor vehicles must be insured under the no-fault act,[20] but a smaller subset of four-wheel motor vehicles are exempt under the ORV act. Similarly, ORV motorcycles are a subset of the motorcycles otherwise required to be insured. Any motorcycle not designed for use as an ORV is not protected by the ORV exemption and must be insured under the no-fault act. Therefore, we reject defendant's argument that when the Legislature amended the no-fault act in 1975 to include motorcycles in the list of vehicles for which insurance was required, the ORV exemption for motorcycles no longer applied.

The 1975 amendment of the no-fault act did not state what penalty would be imposed for failing to obtain public liability insurance for motorcycles. In 1986 the Legislature addressed this problem by

---

[19] If repealing that exemption was intended, then the Legislature could have adopted explicit language expressing such an intent. *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 506; 475 NW2d 704 (1991).

[20] MCL 500.3101(1), (2)(c); MSA 24.13101(1), (2)(c).

amending § 3113 of the no-fault act stating, motor-cyclists are "not entitled to be paid personal pro-tection benefits" if they fail to obtain motorcycle public liability insurance. This amendment in no way indicates an intent to eliminate the distinc-tion between on- and off-road motorcycles;[21] it merely states the penalty for failing to obtain public liability insurance for motorcycles when so required.

### III

If the motorcycle meets the definition of an ORV, it remains an ORV even if it is not registered as an ORV. The Court of Appeals rejected defendant's argument that registering the motorcycle as an ORV is required to invoke the ORV exemption. We agree. An ORV is an ORV regardless whether it is registered as such. In amending § 3113 of the act in 1986, the Legislature did not state that ORV motorcycle owners would forfeit benefits for failing to register the vehicle as an ORV.[22]

### IV

Although ORV motorcycles are exempt from the no-fault act, an injured motorcyclist is entitled to personal injury protection benefits if the injury occurred in a collision involving a motor vehicle.

---

[21] If the distinction were eliminated, then the ORV exemption would apply only to one-wheeled vehicles because the defendant's argument would render moot the language in the ORV exemption: "a motorcycle or related 2-wheel, 3-wheel, or 4-wheel vehicle . . . ."

[22] MCL 257.1604; MSA 9.3300(4) required ORV owners to register their vehicles. MCL 257.1624; MSA 9.3300(24) provides that failure to comply with the ORV act is a misdemeanor. It does not, however, state that failure to register bars an owner from eligibility for no-fault benefits.

MCL 500.3105; MSA 24.13105.[23] Once it is established that the accident involved a motor vehicle,[24] the motorcyclist will look to the no-fault act priority provision to determine the insurance company liable for paying benefits. MCL 500.3114(5); MSA 24.13114(5).[25]

If the motorcycle is an ORV, then the driver is not required to carry any insurance and the priority provisions of MCL 500.3114(5); MSA 24.13114(5) control.

> Determination of no-fault payment priority under MCL 500.3114(5); MSA 24.13114(5) in this case neither subjects the trail bike (ORV) to the provisions of the no-fault act nor negates the vehicle's release from the duties imposed by the no-fault act. [*Michigan Millers Mutual Ins Co v Farm Bureau General Ins Co*, 156 Mich App 823, 829-830; 402 NW2d 96 (1986).]

The Court of Appeals decision in *Michigan Millers*

---

[23] Section 3105(1) states:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

[24] As defined in MCL 500.3101(2)(c); MSA 24.13101(2)(c).

[25] Section 3114(5) provides:

> A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the motor vehicle involved in the accident.
>
> (b) The insurer of the operator of the motor vehicle involved in the accident.
>
> (c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.
>
> (d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

is in accord with this Court's decision in *Underhill v Safeco Ins Co,* 407 Mich 175; 284 NW2d 463 (1979).

In *Underhill,* this Court concluded that the "act may not be construed as excluding the *motorcyclist* from its coverage for all purposes merely because *motorcycles* are excluded from the statutory definition of motor vehicle," *id.* at 186 (emphasis in the original), and thus are not required to obtain no-fault benefits coverage. It follows that ORV motorcyclists are not excluded from the no-fault act priority provision merely because ORV motorcyclists are excluded from the requirement to obtain liability coverage. "[U]nder the terms of the no-fault act, motorcyclists are entitled to claim no-fault benefits when they are injured in accidents involving motor vehicles." *Id.*[26]

V

The only question remaining is whether the plaintiff sufficiently pleaded facts showing that his motorcycle falls within the ORV exemption. In *Michigan Millers,* the parties stipulated facts that indicated that the plaintiff was operating a motorcycle, meeting the motorcycle definition of the no-fault act, but that the motorcycle fell under the ORV exemption. The bike was

> not registered as a motorcycle with the State of Michigan and did not have a headlight, taillight,

[26] The Court held further: "a motorcyclist is not among those whom the Legislature has excluded from benefits [MCL 500.3113; MSA 24.13113]; he is among those covered by the 'while not an occupant' language of the act [MCL 500.3115(1); MSA 24.13115(1)]." *Id.* at 185. That holding is viable despite the 1986 amendment. The amendment merely disqualifies those "on" road motorcyclists who fail to obtain public liability insurance from receiving no-fault benefits. Today, ORV motorcyclists are still covered under MCL 500.3114(5); MSA 24.13114(5).

turn signals, rear view mirror, speedometer, or other certain devices necessary to be permitted to be used upon a public highway. *It was not designed to be used upon a public highway and it could not legally be operated upon a public highway.* [*Id.* at 825-826. Emphasis added.]

In this case, plaintiff's motorcycle could not legally be operated as a street bike on public highways because it did not have necessary safety features.[27] It was designed without a headlight, turn signals, or brake lights. Its knobby tires and higher suspension would be useful only in negotiating extremely difficult terrain. These facts, as those in *Michigan Millers,* result in a finding that this plaintiff's motorcycle also meets the ORV exemption in that it is designed only for off-road use.

VI

We hold that the no-fault act and the ORV act, read together, demonstrate that although motorcycles designed for use on public highways must be insured, motorcycles designed for off-road recreational purposes are exempt from the no-fault act insurance requirement. There is no evidence that the amendments of the no-fault act were intended to repeal or override the ORV motorcycle exemption. Furthermore, failing to register an ORV does not result in forfeiture of personal injury protection benefits.

In this case, plaintiff sufficiently pleaded facts showing that his motorcycle was designed solely for use as an off-road vehicle. The Court of Appeals erred in affirming the trial court's grant of defendant's motion for summary disposition. Accordingly, we reverse the judgment of the Court of

---

[27] MCL 257.685; MSA 9.2385 and MCL 257.697; MSA 9.2397.

Appeals, and we remand the case to the trial court for further proceedings consistent with this opinion.

LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred with CAVANAGH, C.J.