MOORE v FENNVILLE PUBLIC SCHOOLS BOARD OF EDUCATION

MOORE v McMAHON

Docket Nos. 185833, 185834. Submitted July 11, 1996, at Grand Rapids. Decided April 25, 1997, at 9:05 A.M. Leave to appeal sought.

Richard Moore, a member of the Fennville Public Schools Board of Education, brought in the Allegan Circuit Court an action against the board and an action against the other members of the board, alleging that a violation of the Open Meetings Act (OMA), MCL 15.261 et seq.; MSA 4.1800(11) et seq., occurred when the board met in a closed session to determine whether the board should stand firm in collective bargaining negotiations with the teachers' union with respect to the board's offer of a two percent increase in longevity pay in light of the union's counteroffer of a three percent increase. At the end of the session, the board president noted that a majority of the board members was opposed to the proposed three percent increase. The actions were consolidated, and the court, George R. Corsiglia, J., granted the defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) (lack of genuine issue of material fact), but denied the defendants' motion pursuant to MCR 2.116(C)(8) (failure to state a claim). The plaintiff filed an appeal in each action, and the defendants filed a cross appeal concerning the denial of their motion for summary disposition under MCR 2.116(C)(8). The appeals were consolidated.

The Court of Appeals held:

Section 3(2) of the OMA, MCL 15.263(2); MSA 4.1800(13)(2), provides that all decisions of a public body constituting a quorum of its members shall be made at a meeting open to the public. Section 3(3) of the OMA, MCL 15.263(3); MSA 4.1800(13)(3), provides that all deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public except as provided in, among other sections, section 8. Section 8(c) of the OMA, MCL 15.268(c); MSA 4.1800(18)(c), allows a public body to meet in a closed session for strategy and negotiation deliberations connected with the negotiation of a collective bargaining agreement if either negotiating party requests a closed hearing. These provisions of the OMA allow a public body to meet in a closed session to estab-

lish consensus and develop strategy in its negotiations of a collective bargaining agreement, but not to reach a decision.

In this case, the board merely deliberated strategy and did not reach a decision with respect to the union's counteroffer concerning an item of collective bargaining. The closed-session meeting therefore did not violate the OMA.

Affirmed.

STATUTES — OPEN MEETINGS ACT — COLLECTIVE BARGAINING.

A quorum of the members of a public body may meet in a closed session to establish consensus and develop strategy concerning negotiations of a collective bargaining agreement, but must make decisions only at meetings open to the public (MCL 15.263[2], 15.263[3], 15.268[c]; MSA 4.1800[13][2], 4.1800[13][3], 4.1800[18][c]).

*Cunningham Dalman, P.C.* (by *Ronald J. Vander Veen*), for the plaintiff.

*Thrun, Maatsch and Nordberg, P.C.* (by *C. George Johnson, Timothy R. Winship,* and *Robert G. Huber*), for the defendant.

Before: DOCTOROFF, C.J., and WAHLS and SMOLENSKI, JJ.

PER CURIAM. These consolidated civil cases arise from a claim by plaintiff, Richard Moore, an elected board of education member, that defendants, Fennville Public Schools Board of Education and its other individual members,[1] violated the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*, by making a decision during a closed meeting. On April 27, 1995, defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) was granted by the Allegan Circuit Court; however, defendants' motion pursuant to MCR 2.116(C)(8) was

---

[1] Other than plaintiff, the board consisted of defendants George McMahon, Andrew Starring, Margaret Sessions, Douglas Welsch, Chad Creevy, and Daniel Alexander.

denied. Plaintiff appeals as of right the order granting summary disposition pursuant to C(10), and defendants cross appeal the order denying summary disposition pursuant to C(8).

The facts, viewed in the light most favorable to plaintiff, are as follows: The Fennville Education Association (union) and the board had been engaged in ongoing negotiations regarding the teachers' next contract. From a union membership meeting in August of 1993, the union's negotiator called Robert Hickman, one of the board's negotiators, to ask if the board would approve an alteration of the longevity pay increase from the board's proposed two percent to three percent.[2] Hickman, who was the Fennville Schools' Superintendent, declined to grant the increase, but agreed to present the proposal at the next board meeting. On August 23, 1993, the board was conducting an open meeting when they decided to go into a closed session to discuss the negotiations with the union. In addition to defendant board members, also present at the closed session were Shirley Onken, the recording secretary, and Robert Hickman. The events in that closed session gave rise to this lawsuit.

At the closed session, Hickman presented the union's proposal of a three percent increase in longevity pay, which was followed by an unstructured discussion of the proposal. Board president George McMahon decided that a more orderly process was

---

[2] The teachers had a basic salary scale consisting of a series of step increases. When a teacher reached the highest step on that scale, the teacher moved to a longevity scale, which also consisted of a series of steps and for which the teachers sought the three percent increase from the board.

necessary, so he asked each board member to state "as specifically as possible . . . where they stood . . . about this proposal." Plaintiff, when asked to voice his opinion regarding the proposal, refused to do so, and he argued that taking a vote of any kind during a closed session violated the OMA. McMahon responded to plaintiff's charge by stating that he was soliciting opinions from the board members, but the board was not actually voting. He described the process as being "like a straw vote." The meeting then turned into a shouting match, with plaintiff leaving the room. As the meeting concluded, McMahon noted that a majority of the board did not support the three percent increase.

On October 14, 1993, plaintiff filed a two-count complaint against the individual board members alleging a violation of the OMA. On February 11, 1994, plaintiff filed a second complaint against the board itself, also alleging a violation of the OMA. The cases were consolidated on June 13, 1994. On April 27, 1995, the trial court issued an opinion finding that plaintiff properly stated a claim against the individual members of the board and, thus, summary disposition pursuant to MCR 2.116(C)(8) would be improper. However, the trial court granted summary disposition on the basis of its conclusion that the closed meeting was permitted by the OMA as a strategy session relating to negotiations and, thus, plaintiff's claims lacked a genuine issue of material fact. The trial court thus ordered plaintiff's claim dismissed pursuant to MCR 2.116(C)(10). On appeal, plaintiff claims that he presented a genuine issue of material fact and, thus, summary disposition was inappropriate. We affirm.

Pursuant to the OMA, "[a]ll decisions of a public body shall be made at a meeting open to the public." MCL 15.263(2); MSA 4.1800(13)(2). In addition, "[a]ll deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public *except as provided in this section and sections 7 and 8.*" MCL 15.263(3); MSA 4.1800(13)(3) (emphasis added). Section 8 of the OMA allows a public body to meet in a closed session:

> For strategy and negotiation sessions connected with the negotiation of a · collective bargaining agreement if either negotiating party requests a closed hearing. [MCL 15.268(c); MSA 4.1800(18)(c).]

The issue whether defendants' conduct violated the OMA is one of first impression in Michigan, because no Michigan court has interpreted MCL 15.268(c); MSA 4.1800(18)(c) in this context.

The OMA mandates that all "decisions" must be made in a public meeting, MCL 15.263(2); MSA 4.1800(13)(2), yet it allows "deliberations" during certain closed sessions, MCL 15.263(3); MSA 4.1800(13)(3), such as "strategy and negotiation sessions connected with the negotiation of a collective bargaining agreement," MCL 15.268(c); MSA 4.1800(18)(c). According to the Michigan Supreme Court, a "decision" under the statute is defined as any of the following:

> [a.] a determination . . . by which a public body effectuates . . . policy;
>
> [b.] [an] action . . . by which a public body effectuates . . . policy;
>
> [c.] [a] vote . . . by which a public body effectuates . . . policy;

[d.] [a] disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy. [MCL 15.262(d); MSA 4.1800(12)(d).] [*Booth Newspapers, Inc v U of M Bd of Regents*, 444 Mich 211, 228, n 18; 507 NW2d 422 (1993).]

Plaintiff contends that, pursuant to MCL 15.263(2); MSA 4.1800(13)(2), defendants were not permitted to come to any conclusions during the closed session. However, as stated above, the OMA allows a closed session "for strategy and negotiation sessions connected with the negotiation of a collective bargaining agreement." MCL 15.268(c); MSA 4.1800(18)(c). Such a session would be pointless and absurd if the OMA were to prevent the public body from forming any conclusions about its strategic course of action. In order to conduct a meaningful strategic session, the public body must be allowed to make determinations concerning its goals and tactics relative to the negotiations. Thus, the OMA must be interpreted so as to allow a public body to make strategic determinations during its closed-door deliberations. To construe the provisions of MCL 15.263(3); MSA 4.1800(13)(3) and MCL 15.268(c); MSA 4.1800(18)(c) any differently would be to render them meaningless. It is the duty of the courts to interpret statutes so as to render no provision meaningless. *Nelson v Transamerica Ins Services*, 441 Mich 508, 513-514; 495 NW2d 370 (1992). Thus, we find that MCL 15.268(c); MSA 4.1800(18)(c) allows a public body to conduct a closed session in which it may establish consensus and develop a strategic course of action relative to its negotiations of a collective bargaining agreement.

In addition, MCL 15.263(3); MSA 4.1800(13)(3) allows a public body to conduct "deliberations" in certain enumerated closed sessions, such as "for strategy and negotiation sessions." However, the statute does not define "deliberations." Undefined statutory words are to be afforded their plain and ordinary meaning. *In re PSC's Determination Regarding Coin-Operated Telephones, No 2*, 204 Mich App 350, 353; 514 NW2d 775 (1994). Reference to a dictionary is appropriate to ascertain what the ordinary meaning of a word is. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994). *The American Heritage Dictionary of the English Language, New College Edition* (1979), defines "deliberate" as:

> 1. To take careful thought; reflect.
> 2. To consult with another or others *as a process in reaching a decision.* [Emphasis added.]

To construe MCL 15.263(2); MSA 4.1800(13)(2) as preventing any kind of decision in a closed meeting would create a conflict with MCL 15.263(3); MSA 4.1800(13)(3), which allows closed-door "deliberations" in certain circumstances. In construing a statute, we must give the language a valid and reasonable construction that reconciles inconsistencies and gives effect to all the parts. *Wright v Vos Steel Co*, 205 Mich App 679, 684; 517 NW2d 880 (1994). In order to reconcile the provisions of the OMA, we must construe MCL 15.263(3); MSA 4.1800(13)(3) and MCL 15.268(c); MSA 4.1800(18)(c) as allowing a public body to conduct a closed session in which it may establish consensus and develop a strategic course of action in its negotiations of a collective bargaining agreement. Thus, during a closed session, a public body is not permitted to

reach a "decision," as that word is defined in *Booth*
and the statute, but the body is permitted to "deliber-
ate" and reach a conclusion regarding a strategic plan
of action.

In this case, the board was involved in delibera-
tions concerning the proper strategy to pursue in its
contract negotiations with the union. A closed session
for such a purpose is specifically permitted under the
OMA. MCL 15.263(3); MSA 4.1800(13)(3) and MCL
15.268(c); MSA 4.1800(18)(c). Defendants apparently
reached a consensus with regard to their strategy
concerning the union's proposal of a three percent
increase. Although plaintiff claims this was an
improper "decision," the board must be allowed to
deliberate and reach a consensus in order to prevent
the statutory language from being rendered meaning-
less. *Nelson, supra*. Furthermore, the board's closed-
door discussion was not a final or binding "determi-
nation" affecting public policy, but was a reflection of
one of the board's goals in its negotiations with the
union. The board's activity merely constituted permis-
sible agreement about the proper strategic approach
to the ongoing negotiations. Thus, the closed session
did not produce a "decision" as defined in the statute
and *Booth*, and no violation of the OMA occurred.

Plaintiff next claims that the Michigan Supreme
Court's decision in *Booth, supra*, mandates a finding
that defendant violated the OMA. We disagree. In
*Booth*, the defendant board of regents conducted a
series of closed meetings in narrowing its choices for
a new president of the university, culminating in a
choice of one candidate who was recommended for
the position. 444 Mich 216-220. At that point, the
board of regents conducted a public meeting at which

the single remaining candidate was formally selected. *Id.* at 220. Our Supreme Court found that, by narrowing the list of candidates to one name, the board of regents had effectively made its decision behind closed doors, and the formal public vote was "a fait accompli." *Id.* at 229. The Court found that these actions violated MCL 15.263(2); MSA 4.1800(13)(2), which requires that all "decisions" be made at a public hearing.

As set forth above, the defendants in this case, unlike in *Booth*, did not make any final determinations regarding binding public policy. The plan to "hold firm" to the offer of two percent reflected the board's strategic goal in its negotiations, but was not a final determination that affected public policy. Any effect on public policy would occur only when a new collective bargaining agreement, with all its various provisions, was publicly debated and accepted by the board. No public policy considerations were rendered a "fait accompli" by the board's closed, strategic deliberations. Accordingly, we find that *Booth* is distinguishable from the instant claim, and the board in this case did not make any "decisions" as defined by the statute and the *Booth* case. Thus, we agree with the trial court that defendants' conduct in the closed-door session did not violate the OMA.

Because we affirm the trial court's summary disposition in favor of defendants pursuant to MCR 2.116(C)(10), we need not address defendants' argument that their motion for summary disposition pursuant to MCR 2.116(C)(8) should have been granted.

Affirmed.