URECHE v HOLBROOK

Docket No. 51592. Submitted June 18, 1981, at Lansing.—Decided
October 20, 1981.

Sarah E. Ureche was a passenger in an automobile driven by her
husband when the automobile was involved in a collision with
an automobile driven by Edward D. Holbrook. Mrs. Ureche and
Mr. Ureche filed separate complaints against Holbrook in Sagi-
naw Circuit Court. Defendant filed a motion to add Mr. Ureche
as a third-party defendant in the action brought by Mrs.
Ureche, on the ground that Mr. Ureche might become liable to
defendant for contribution or indemnification. The motion was
denied, Hazen R. Armstrong, J. Defendant appeals by leave
granted. *Held:*

The trial court relied on inapplicable authority in denying
defendant's motion. The decision to allow impleader is within
the sound discretion of the trial court but where the trial court
erroneously relies on inapplicable authority in making its
decision, it cannot be said that the decision has truly been
made as the result of an exercise of discretion. The case must
be remanded so that the trial court can exercise its discretion
to allow or deny impleader without being influenced by the use
of improper authority.

Remanded.

1. TRIAL — IMPLEADER — COURT RULES.

The court rule which allows the joining of third-party defendants
does not grant an absolute right to join a third party, even in
circumstances where the party is or may be liable to the
defendant within the wording of the rule (GCR 1963, 204).

REFERENCES FOR POINTS IN HEADNOTES
[1] 59 Am Jur 2d, Parties §§ 202, 203.
[2] 4 Am Jur 2d, Appeal and Error §§ 91, 92.
  59 Am Jur 2d, Parties § 190.
  Appealability of order with respect to motion for joinder of addi-
  tional parties. 16 ALR2d 1023.
[3] 59 Am Jur 2d, Parties § 190.
[4] 18 Am Jur 2d, Contribution § 73.
  59 Am Jur 2d, Parties § 205.

2. Appeal — Impleader — Discretion — Court Rules.

The allowance of impleader rests within the sound discretion of the trial court and the court's determination will not be disturbed on appeal absent an abuse of discretion (GCR 1963, 204).

3. Words and Phrases — "Discretion".

The term "discretion" involves the idea of choice, of an exercise of the will, or a determination made between competing considerations.

4. Contribution — Impleader — Denial of Impleader.

A defendant who is denied discretionary impleader against a third party does not lose his substantive right to contribution from that party.

*Jack E. Kerr,* for plaintiff.

*Terrence J. O'Neill,* for defendant.

Before: T. M. Burns, P.J., and D. E. Holbrook, Jr., and K. B. Glaser,\* JJ.

D. E. Holbrook, Jr., J. On July 18, 1978, plaintiff, Sarah E. Ureche, was a passenger in a motor vehicle driven by her husband, George Ureche, when the automobile collided at an intersection with a motor vehicle driven by defendant, Edward Dale Holbrook. Mr. Ureche filed a complaint against the defendant in the Saginaw County Circuit Court. Mrs. Ureche also filed a complaint, which is the case at bar.

Pursuant to GCR 1963, 204, defendant filed a motion to add Mr. Ureche as a third-party defendant to the present action on the ground that Mr. Ureche might become liable to the defendant for contribution or indemnification. The trial court determined to deny defendant's motion by opinion dated February 27, 1980. A rehearing on defen-

_____
\* Circuit judge, sitting on the Court of Appeals by assignment.

dant's motion was heard on March 17, 1980. The trial court again denied the motion on March 28, 1980. Defendant appeals by leave.

The sole issue on appeal is whether the trial court abused its discretion when it denied defendant's motion, under GCR 1963, 204, to add the driver of a motor vehicle in which the plaintiff was a passenger as a third-party defendant.

GCR 1963, 204 does not give a defendant an absolute right to join third-party defendants, even in circumstances where the party is or may be liable to the defendant within the wording of the rule. The allowance of impleader rests within the sound discretion of the trial court, *Danyo v Great Lakes Steel Corp,* 93 Mich App 91; 286 NW2d 50 (1979), *lv den* 408 Mich 882 (1980), and the trial court's determination will not be disturbed on appeal absent an abuse of discretion. *Doall v Michigan Consolidated Gas Co,* 23 Mich App 454; 179 NW2d 26 (1970).

In its opinion denying defendant's motion, the trial court cited *Jackson v Trogan,* 364 Mich 148; 110 NW2d 612 (1961), *Felice v Weinman,* 372 Mich 278; 126 NW2d 107 (1964), and *Paratore v Furst,* 15 Mich App 568; 167 NW2d 126 (1969), as controlling.

At the rehearing on defendant's motion in the case at bar, the trial court, in denying the motion, said:

"I'll be consistent. Right now it's my feeling that we have got to get rid of those cases and we have to have some guidance from the appellate courts and that's why I feel that this is proper and I feel it would be helpful to go up on appeal on this and try to find some answers to this comparative negligence thing.

"If we adopt, as they have in Weiss, then, fine, then I think you're absolutely right. But I would like to get

some guidance on it, and that's the reason for my ruling."

The defendant asserts that the trial court abused its discretion by relying on cases and decisions under the purview of GCR 1963, 505 in denying his motion under GCR 1963, 204. We agree.

The trial court's statements during rehearing do not support plaintiff's assertion of the invocation by the trial court of its discretionary powers. Instead, the trial court's statement illustrates that its decision was based solely upon the three consolidation cases it deemed controlling.

The Courts, in the cases cited by the trial court, were concerned with protecting the passenger plaintiffs from unfair prejudice resulting from consolidation of their actions with those of alleged negligent driver plaintiffs. The defense of contributory negligence against the driver, it was feared, would unduly prejudice the suit of the passengers by causing the jury to impute negligence to the other plaintiffs.

Because of this state's adoption of comparative negligence in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), the defendant seeks to implead plaintiff's driver for contribution or indemnification as the driver may be liable to the defendant for all or part of plaintiff's claim. The separate claims of passenger and driver against the defendant are not being consolidated. As a result, the negligence issue remains solely between the defendants and should not affect plaintiff's claim. We conclude, therefore, that the trial court has incorrectly applied the three cases cited in support of its determination on defendant's motion.

As previously stated, the decision to allow impleader is within the sound discretion of the trial court. The term "discretion" "involves the idea of choice, of an exercise of the will, of a determination made between competing considerations". *Spalding v Spalding,* 355 Mich 382, 384; 94 NW2d 810 (1959). See also *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970). Because the trial court apparently did not exercise its discretion, as defined in *Spalding,* and applied inapplicable authority in the present case, we conclude it abused its discretion by denying defendant's motion to add a third-party defendant.

The defendant asserts that the plaintiff's driver should be impleaded as third-party defendant. The situation advocated by the defendant is not dissimilar to the result obtained in *Rodebaugh v Grand Trunk W R Co,* 4 Mich App 559; 145 NW2d 401 (1966). In *Rodebaugh,* a railroad company defendant attempted to implead plaintiff's father as third-party defendant. Plaintiff's father was the driver of the car in which plaintiff was a passenger at the time the car struck defendant's train. In finding for the defendant, this Court said:

"Since the plaintiff's father in this case may be held liable upon proof of his wanton misconduct and upon proof that he was not acting in an exercise of parental care, he may be joined as a third-party defendant as a potentially liable joint tort-feasor." *Id.,* 567.

Similarly, in the present case, the defendant should have the opportunity to implead plaintiff's driver as a third-party defendant for contribution or indemnification.

This does not imply, of course, that the defendant has the *right* to implead Mr. Ureche as a third-party defendant. Rather we find that, on

remand, the trial court has the same discretion to allow or deny impleader in this comparative negligence case as it has to allow or deny impleader in other types of cases under GCR 1963, 204.

Situations will certainly arise where trial courts, in the proper exercise of their discretion, will both deny and allow impleader of a plaintiff's driver as a third-party defendant. In the present case, with the advent of Mr. Ureche's death and the appointment of Mrs. Ureche as personal representative for his estate, the trial court would certainly be within its discretion in the denial of impleader to prevent possible prejudice and confusion at trial.

The trial court should not feel compelled to allow impleader. It is well-settled that a defendant who is denied discretionary impleader will not lose his substantive right to contribution. *Moyses v Spartan Asphalt Paving Co, supra.*

Remanded for proceedings not inconsistent with this opinion. We retain no further jurisdiction.