LEE v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 63019. Argued June 3, 1980 (Calendar No. 1).—Decided
February 1, 1982.

Warren Lee, an employee of the United States Postal Service,
injured his back while unloading a government-owned mail
truck and collected federal workers' compensation benefits. He
then brought an action against the Detroit Automobile Inter-
Insurance Exchange, claiming personal injury protection bene-
fits under the no-fault insurance policy on his own vehicle. The
Macomb Circuit Court, Edward J. Gallagher, J., granted the
defendant's motion for summary judgment on the ground that
the no-fault insurance act does not apply to vehicles owned by
the United States, which are not subject to registration by the
Secretary of State in Michigan. The Court of Appeals, Allen,
P.J., and R. B. Burns and N. J. Kaufman, JJ., affirmed in an
unpublished opinion per curiam (Docket No. 78-2712). The
plaintiff appeals.

In a unanimous opinion by Justice Ryan, the Supreme Court
*held:*

It is the policy of the no-fault insurance act that persons, not
motor vehicles, are insured against loss. The term "motor
vehicle" used in the section of the statute making personal
protection insurance benefits payable for injury arising out of
the use of a motor vehicle as a motor vehicle does not mean
only a "registered", or "insured", or "covered" vehicle. The
insured may be entitled to benefits under his own no-fault
insurance policy.

1. In reaching its decision, the Court of Appeals relied on an
earlier case in which it declared that for an insurer to incur

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance § 352.
  Validity and construction of "no-fault" automobile insurance plans.
  42 ALR3d 229.
[2, 4] 7 Am Jur 2d, Automobile Insurance §§ 23, 354.
[3-6] 7 Am Jur 2d, Automobile Insurance §§ 34, 353.
  What constitutes a "motor vehicle" covered under no-fault insur-
  ance. 60 ALR3d 651.
[7] 7 Am Jur 2d, Automobile Insurance §§ 23, 340.

liability under the no-fault act there must, at a minimum, be an accident involving a vehicle intended to be covered by the statute. The error in that analysis is that it reads into the no-fault act a more restrictive meaning of the expression "motor vehicle" than was adopted by the Legislature. The sections of the no-fault act which the Court of Appeals has held must be read together actually speak to separate and distinct subjects. One section declares what the expression "motor vehicle" means when used as a term of art throughout the statute. The other section, however, provides what category of persons is required to carry no-fault coverage and for what duration.

2. The no-fault act declares that entitlement to benefits depends, in part, on use of a motor vehicle "as a motor vehicle". There is no requirement that the motor vehicle be insured or covered. The motor vehicle involved must merely be used, maintained, operated, or owned as a motor vehicle. The meaning of the expression motor vehicle is explicitly declared by the no-fault act, and there is no language limiting the definition to a vehicle required to be registered in the state or for which no-fault security must be maintained.

3. The terms of a no-fault insurance policy cannot supersede the language of the no-fault act, but it is instructive that the defendant, in its insurance policy, has agreed to pay the plaintiff benefits for injury arising out of the use of a motor vehicle without the qualification that the vehicle must be registered or insured. The term "insured motor vehicle" is explicitly defined elsewhere in the insurance policy, so it is not as though the defendant intended the term motor vehicle, standing alone, to mean one which was insured.

4. Other provisions of the no-fault act suggest strongly that the Legislature intended that benefits be provided whenever an insured is injured in a motor vehicle accident and that the injured person's own insurer stand primarily liable for the benefits. In stating that the Legislature never intended a system in which insurers compensated persons where no insured vehicle was involved in the accident, and that potential payment is tied to registered vehicles, the Court of Appeals has misapprehended the Legislature's intention.

Reversed.

*Shoemaker v National Ben Franklin Ins Co,* 78 Mich App 175; 259 NW2d 414 (1977), overruled.

1. AUTOMOBILES — NO-FAULT INSURANCE — REGISTRATION.

A person injured in a motor vehicle accident involving a motor vehicle owned by the United States and not required to be

registered in Michigan may be entitled to no-fault insurance benefits from his own insurer (MCL 257.216, 500.3101, 500.3105; MSA 9.1916, 24.13101, 24.13105).

2. AUTOMOBILES — NO-FAULT INSURANCE — STATUTES — LEGISLATIVE POLICY.

It is the policy of the no-fault insurance act that persons, not motor vehicles, are insured against loss (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

3. AUTOMOBILES — NO-FAULT INSURANCE — STATUTES.

A decision that for an insurer to incur liability under the no-fault act there must, at a minimum, be an accident involving a vehicle intended to be covered by the statute is erroneous because it reads into the no-fault act a more restrictive meaning of the expression "motor vehicle" than was adopted by the Legislature (MCL 500.3101, 500.3105; MSA 24.13101, 24.13105).

4. AUTOMOBILES — NO-FAULT INSURANCE — STATUTES.

The provision of the no-fault insurance act which declares what the expression "motor vehicle" means when used as a term of art throughout the statute and that which provides what category of persons is required to carry no-fault coverage and for what duration are concerned with entirely different aspects of the applicability of the no-fault act (MCL 500.3101, 500.3105; MSA 24.13101, 24.13105).

5. AUTOMOBILES — NO-FAULT INSURANCE — BENEFITS.

The no-fault insurance act declares that entitlement to benefits depends, in part, on the use of a motor vehicle "as a motor vehicle"; there is no requirement that the motor vehicle involved be insured or covered by no-fault insurance (MCL 500.3101, 500.3105; MSA 24.13101, 24.13105).

6. AUTOMOBILES — NO-FAULT INSURANCE — STATUTES.

The meaning of the expression motor vehicle is explicitly declared by the no-fault insurance act; there is no language limiting the definition to a vehicle required to be registered by the Secretary of State in Michigan or a vehicle for which no-fault security must be maintained (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

7. AUTOMOBILES — NO-FAULT INSURANCE — LEGISLATIVE POLICY — BENEFITS.

The provisions of the no-fault insurance act suggest strongly that the Legislature intended that benefits be provided whenever an insured is injured in a motor vehicle accident and that the

injured person's own insurer stand primarily liable for the benefits (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

*Frank R. Langton & Associates, P.C.* (by *Barry Sigman),* for plaintiff.

*Glime, Daoust, Wilds, Rusing & Widlak* (by *Denis R. LeDuc)* for defendant.

RYAN, J. In December, 1974, while employed by the United States Postal Service, Warren Lee injured his back unloading the mail from a government-owned mail truck. After collecting benefits authorized by the federal workers' compensation act,[1] he filed suit against appellee, Detroit Automobile Inter-Insurance Exchange (DAIIE), seeking personal injury protection benefits under the no-fault insurance policy covering his personal vehicle. DAIIE denied the claim on the basis that it was "not the insurer of the vehicle furnished by [Lee's] employer" and moved for summary judgment pursuant to GCR 1963, 117.2, subds (1) and (3).

The trial court granted the motion, holding that appellant was not entitled to benefits because "the no-fault act applies only to those vehicles required to be registered with the state".[2]

The Court of Appeals agreed.

We granted leave to appeal, 407 Mich 945 (1979), in order to answer the question whether "a person injured in a motor vehicle accident involving a motor vehicle not required to be registered [in the

---

[1] Federal Employees' Compensation Act, 5 USC 8101 *et seq.*

[2] MCL 257.216; MSA 9.1916 provides:

"Every motor vehicle, trailer coach, trailer, semitrailer, and pole trailer, when driven or moved upon a highway shall be subject to the registration and certificate of title provisions of this act except:

"(f) Any type subject to registration owned by the government of the United States."

State of Michigan may] claim no-fault insurance benefits from his own insurer".

We hold that such an insured may be entitled to benefits under his own policy and we reverse the judgment of the Court of Appeals.

I

Our decision in this case rests, in the last analysis, upon our recognition that it is the policy of the no-fault act that persons, not motor vehicles, are insured against loss.[3]

The circuit court and the Court of Appeals were of the view and the appellee contends here that in a single-vehicle accident, no-fault benefits are not payable by the insurer of the individual injured unless the vehicle is one required to be registered with the State of Michigan and covered under a no-fault insurance policy.

The appellant contends, on the other hand, that one who is injured in a single-vehicle accident involving a vehicle not registered in the State of Michigan or covered under a no-fault insurance policy is nevertheless entitled to benefits from his personal no-fault insurer providing only that the injury arose "out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle".

Two distinct provisions of the no-fault act are implicated in the issue joined in this case: MCL 500.3101(1); MSA 24.13101(1), which declares who must obtain no-fault insurance for how long, and MCL 500.3105; MSA 24.13105, which defines the scope of personal injury protection benefits. The Court of Appeals panel below held that the two

---

[3] *State Farm Fire & Casualty Co v Citizens Ins Co,* 100 Mich App 168; 298 NW2d 651 (1980), to the contrary notwithstanding.

sections must be read together as mutually dependent in the sense that the only motor vehicle accident in which an injured person may collect no-fault benefits under § 3105 is one involving a "motor vehicle required to be registered in this state" under § 3101. The appellant contends that in the context of the facts of this case, § 3105 alone establishes the liability of an insurer to pay such benefits and there is no requirement that there be involved a motor vehicle registered in this state having no-fault insurance coverage.

Section 3105 establishes the circumstances under which personal protection benefits, such as are sought here, are payable:

"(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

Appellee claims that the "motor vehicle" to which the foregoing section refers must be a motor vehicle registered in this state with respect to which no-fault insurance coverage is required to be maintained:

"Since in the plaintiff-appellant's case he was injured while using a non-registered motor vehicle, the no-fault act does not apply and no personal injury protection benefits are payable." Appellee's Brief, p 8.

The Court of Appeals panel below was of the same view, although it stated the proposition differently:

"The Legislature never intended a system in which insurers compensated persons where no insured vehicle was ever involved in the accident."

In reaching that conclusion, the Court of Appeals relied upon its earlier decision in *Shoemaker v National Ben Franklin Ins Co,* 78 Mich App 175; 259 NW2d 414 (1977), in which it declared:

"For an insurer to incur liability under MCL 500.3105; MSA 24.13105, there must at a minimum be an accident involving a vehicle intended to be covered by MCL 500.3101(1); MSA 24.13101(1)."

In that case a motorcycle being operated by the plaintiff struck a tractor pulling a manure spreader on a public highway. The *Shoemaker* Court observed that "[n]either the motorcycle nor the tractor is a 'motor vehicle' to which the no-fault act applies". The Court reached that conclusion because a motorcycle is specifically excluded from the definition of a "motor vehicle" in § 3101(2)(c) and a tractor is not required to be registered for no-fault coverage under the act because "[w]e regard the tractor and manure spreader as 'implements of husbandry', excepted from [the] registration [requirement] by MCL 257.216(c); MSA 9.1916(c), and MCL 257.21; MSA 9.1821".

We disagree with that analysis, overrule the rule stated in *Shoemaker* and reverse the Court of Appeals below.

II

The error in the *Shoemaker* analysis and that of the panel below, we think, is in reading into § 3101(2)(c) of the statute a more restrictive meaning to the expression "motor vehicle" than was adopted by the Legislature and then, as a result, attributing to the lawmakers the intention to limit a no-fault insurer's obligation to pay personal

protection insurance benefits to cases in which at least one of the motor vehicles involved in an accident is registered in Michigan and covered by a no-fault insurance policy. The two sections of the no-fault act which both the *Shoemaker* Court and the panel below have held must be read together actually speak to separate and distinct subjects. Section 3101(2)(c) declares what the expression "motor vehicle" means when used as a term of art throughout the statute. Section 3101(1), on the other hand, is not a definitional section at all and speaks to the wholly different subject of the category of persons required to carry no-fault coverage and for what duration. While both sections deal with the applicability of the no-fault law, they are concerned with entirely different aspects of its applicability.

In this case the plaintiff seeks personal protection insurance benefits under § 3105(1). That section describes the character of the injury-causing incident which triggers the obligation of a no-fault insurer to pay benefits to an injured person. The section, we repeat, provides:

"(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

It is noteworthy that the section declares that entitlement to benefits depends, in part, upon "use of a motor vehicle as a motor vehicle". There is no language qualifying the right to benefits or the insurer's duty to pay them with a requirement that such motor vehicle be a "registered", "insured", or "covered" motor vehicle as indeed might easily have been done had the Legislature

so intended. The requirement is merely that the vehicle involved be a "motor vehicle" used, maintained, operated or owned "as a motor vehicle".

We are not left to speculate about whether the Legislature intended the expression "motor vehicle" to mean a covered or registered or insured motor vehicle when it used those words as an expression of art throughout the statute. The meaning of that expression is explicitly set down in the definitional section of the act, § 3101(2), in which, in subsection (c) the Legislature declared:

" 'Motor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped as defined in section 32b of Act No. 300 of the Public Acts of 1949." 1980 PA 445.

Conspicuously absent is any language limiting "motor vehicle" to one required to be registered in the state or for which no-fault security must be maintained.[4]

### III

While it is not, as a matter of law, a controlling factor in the case, it is instructive that the appellee, in its policy issued to Mr. Lee, has agreed to pay him benefits for injury "arising out of * * *

---

[4] It is interesting to note that while mopeds, like other categories of vehicles including any vehicle owned by the federal government, are not required to be no-fault covered because under MCL 257.216; MSA 9.1916 they are not required to be registered in the State of Michigan, the section defining "motor vehicle" in the no-fault act, § 3101(2)(c), specifically and separately excludes motorcycles and mopeds but not the others. That fact, we think, adds further weight to the point that the Legislature intended that the kinds of vehicles which constitute "motor vehicles" under the benefit payment provisions of the act and the kinds of vehicles which must be registered and covered under a no-fault policy are separate subjects.

use of a motor vehicle as a motor vehicle" without qualification that the vehicle must be a registered or covered motor vehicle. It is not as though the appellee intended that the expression "motor vehicle", as used in its policy, be read to mean insured, registered or covered vehicle because it troubled to define "insured motor vehicle" in explicit detail elsewhere in the policy.[5]

---

[5] The "Michigan no-fault insurance endorsement" issued by the defendant as part of its policy provides:

"DIVISION 2—Personal Protection Insurance (Michigan Personal Injury Protection)

"To pay to or for the benefit of an injured person (or, in the case of his death, to or for the benefit of his dependent survivors), who sustains bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle:

*    *    *

"(a) Medical Benefits Coverage (Allowable Expenses)

*    *    *

"(b) Work Loss Benefits Coverage

*    *    *

"Definitions—Division 2 and Division 3
"When used in reference to this insurance:

*    *    *

"(g) 'insured motor vehicle' means:
"(1) A motor vehicle with respect to which
"(i) the liability insurance of the policy to which this endorsement is attached applies and for which a specific premium is charged, and
"(ii) the named insured is required to maintain security under the provisions of Chapter 31 of the Michigan Insurance Code; or
"(2) a motor vehicle operated by the named insured or a relative which vehicle is not owned by such named insured or relative and to which the liability insurance of the policy to which this endorsement is attached applies, provided such motor vehicle does not have the security required by Chapter 31 of the Michigan Insurance Code; or
"(3) a trailer owned or used by the named insured or any relative which has more than two wheels and is designed for use with a private passenger automobile provided such trailer does not have the security required by Chapter 31 of the Michigan Insurance Code, or,
"(4) for the purposes of Medical Benefits Coverage only 'insured motor vehicle' shall also include a trailer with less than three wheels designed for use with a private passenger automobile;
"(h) 'motor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than two wheels * * *." (Emphasis added.)

## IV

Reference to other provisions of the no-fault act not directly implicated in the issue before us, particularly §§ 3114 and 3115, suggests strongly that the Legislature, in its broader purpose, intended to provide benefits whenever, as a general proposition, an insured is injured in a motor vehicle accident, whether or not a registered or covered motor vehicle is involved; and in its narrower purpose intended that an injured person's personal insurer stand primarily liable for such benefits whether or not its policy covers the motor vehicle involved and even if the involved vehicle is covered by a policy issued by another no-fault insurer.

Section 3114 provides that, except in situations not involved in this case,[6] the insurer of a person injured in a motor vehicle accident is liable for payment of benefits to its insured without qualifying language that a covered motor vehicle be involved in the accident. It states:

"Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy * * * if the injury arises from a motor vehicle accident." 1980 PA 445.

Moreover, by reason of the first clause of §§ 3114(4) and 3115, which are concerned respectively with occupants and non-occupants who are injured in motor vehicle accidents, insurers of owners or operators of covered vehicles involved in

We do not wish to be understood as suggesting that the terms of a no-fault insurance policy can supersede the language of the no-fault act.

[6] Section 3114(2): operators or passengers of motor vehicles transporting passengers, § 3114(3): an employee occupying an employer's covered vehicle, and § 3114(5): a motorcycle operator or passenger.

the accident are not obligated to pay benefits to an injured person who has his own no-fault policy.

Those sections provide:

§ 3114(4). *"Except as provided in subsections* (1) * * *, a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied." (Emphasis added.)

§ 3115. "(1) *Except as provided in subsection (1) of section 3114,* a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident." (Emphasis added.)

Sections 3114(4) and 3115 are concerned, of course, with priorities among personal protection insurers of owners and operators of motor vehicles and, in this case, there is no insurer of the owner of the post office vehicle. The point to be made, however, is that by reason of the combined effect of § 3114(1) and the first clause of both §§ 3114(4) and 3115 ("except as provided in subsection [1] of section 3114"), the personal insurer of an injured claimant may stand liable for benefits despite the fact that it has written no coverage respecting any vehicle involved in the accident and indeed that no vehicle involved in the accident has any coverage whatever.

Consequently, we think that on the facts of this

case, in stating that "[t]he Legislature never intended a system in which insurers compensated persons where no insured vehicle was involved in the accident", *supra,* and that "potential payment is tied to registered vehicles", the Court of Appeals misapprehended the Legislature's intention.

For the foregoing reasons, we reverse the decision of the Court of Appeals and remand the case to the trial court for entry of an order setting aside the summary judgment.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.