MORRIS v ALLSTATE INSURANCE COMPANY

Docket No. 198937. Submitted November 5, 1997, at Grand Rapids. Decided June 19, 1998, at 9:05 A.M.

Tina M. Morris brought an action in the Muskegon Circuit Court against Allstate Insurance Company, seeking personal protection insurance benefits under no-fault insurance policies issued by the defendant with regard to motor vehicles owned by the plaintiff and her husband under which the plaintiff was a named insured. The benefits were sought for injuries sustained in a collision between two uninsured off-road recreational vehicles (ORVs). The plaintiff had been a passenger in one of the vehicles, which was owned and driven by her husband. The owner-driver of the other ORV was killed in the accident. The defendant brought a motion for summary disposition, claiming that benefits were not payable because the road on which the collision occurred was not a public highway and the plaintiff's injuries did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. The court, James M. Graves, Jr., J., found that the collision had in fact occurred on a public highway, denied the defendant's motion, and granted partial summary disposition in favor of the plaintiff. The court also denied the defendant's motion for leave to file a third-party complaint against the owner-driver of the ORV in which the plaintiff was a passenger and the estate of the other owner-driver to recoup the benefits the defendant had paid. The defendant appealed.

The Court of Appeals *held*:

1. The determination whether the ORVs, which were not designed for operation on the public highway and were not titled or registered under the Michigan Vehicle Code, were "motor vehicles" within the meaning of MCL 500.3101(2)(e); MSA 24.13101(2)(e) depends in this case upon whether they were being operated on a public highway at the time of the accident. Genuine issues of material fact existed regarding whether the road constituted a public highway. The court erred in granting summary disposition in favor of the plaintiff on the ground that the road was a public highway. That order must be reversed and the matter must be remanded for further proceedings.

2. The court properly denied the defendant's motion for leave to file a third-party complaint seeking reimbursement, pursuant to MCL 500.3177(1); MSA 24.13177(1), from the owners of the uninsured ORVs. The court properly found that reimbursement is available only with regard to vehicles that are required to be insured under the no-fault act and that the ORVs involved in the accident were not required to be insured under the no-fault act. The list of persons who are not entitled to personal protection insurance benefits in MCL 500.3113; MSA 24.13113 does not include persons whom the Legislature has exempted from purchasing no-fault insurance. The no-fault act does not expose to tort liability under § 3177 someone who has not violated the no-fault act.

3. The court's decision that the vehicles were ORVs is consistent with its decision that they were motor vehicles. The statutory categories regarding ORVs and motor vehicles are not mutually exclusive.

Affirmed in part, reversed in part, and remanded.

1. Motions and Orders — Summary Disposition — Issues of Material Fact.

Summary disposition may not be granted pursuant to MCR 2.116(C)(10) where a record might be developed that leaves open an issue of material fact upon which reasonable minds could differ.

2. Insurance — No-Fault Act — Personal Protection Insurance Benefits — Persons Excluded.

Section 3113 of the no-fault act identifies those persons who are not entitled to personal protection insurance benefits under the act to include persons who fail to purchase the required insurance for their own vehicle; a person specifically exempted from purchasing no-fault insurance is not included in the list of persons not entitled to such benefits (MCL 500.3113; MSA 24.13113).

3. Insurance — No-Fault Act — Exempt Vehicles — Third-Party Liability.

The Legislature intended the no-fault insurance act on occasion to afford no-fault benefits to someone injured as a result of the ownership, operation, maintenance, or use of a motor vehicle that is not required to be registered or insured; the owner of a vehicle not required to be registered or insured should not be subjected to tort liability under § 3177 of the act in a third-party action by an insurer that has been obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle that was not required to be insured (MCL 500.3177[1]; MSA 24.13177[1]).

4. INSURANCE — MOTOR VEHICLES — OFF-ROAD VEHICLES.

A vehicle may be found to be both a motor vehicle and an off-road vehicle; the categories defining both motor vehicles and off-road vehicles are not mutually exclusive (MCL 324.81101[n], 500.3101[2][e]; MSA 13A.81101[n], 24.13101[2][e]).

*Kortering Law Firm* (by *Vernon D. Kortering*), for the plaintiff.

*James M. Searer, P.C.* (by *James M. Searer*), for the defendant.

Before: MARKEY, P.J., and KELLY and WHITBECK, JJ.

PER CURIAM. Plaintiff, an injured passenger, filed suit for no-fault benefits arising out of a September 1992 collision between two off-road recreational vehicles (ORVs). Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), claiming that the road on which the collision occurred was not a public highway and that plaintiff's injuries did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. On appeal, the parties raise the same legal questions as those presented to the trial court for summary disposition on the basis of stipulated facts.

The trial court granted partial summary disposition to plaintiff after finding that the collision had, in fact, occurred on a public highway. The court also denied defendant's motion for leave to file a third-party complaint against the owner-driver of the ORV in which plaintiff was a passenger and the estate of the owner-driver of the other ORV, who was killed in the collision, to recoup the benefits defendant has paid.

Defendant appeals as of right. We affirm in part, reverse in part, and remand.

I

We review a trial court's decision regarding a motion for summary disposition de novo, examining the entire record and construing all reasonable inferences arising from the evidence in a light most favorable to the nonmoving party. *Henderson v State Farm Fire & Casualty Co*, 225 Mich App 703, 708-709; 572 NW2d 216 (1997); *Pinckney Community Schools v Continental Casualty Co*, 213 Mich App 521, 525; 540 NW2d 748 (1995). A motion pursuant to MCR 2.116(C)(10) may be granted when, except with regard to the amount of damages, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Henderson, supra.* Stated otherwise, we ask whether a record might be developed that leaves open an issue upon which reasonable minds could differ. *Id.* Critically, the court may not make factual findings or weigh witness credibility in deciding a motion for summary disposition. *Id.*

Defendant argues that the trial court erred in finding (1) that the vehicles involved in the accident were motor vehicles and (2) that the accident occurred on a public highway. According to defendant, the parties in essence stipulated that the road was not a public highway on the basis of the "uncontroverted" affidavit of Michael Smith, the engineer-manager of the Oceana County Road Commission, in which he averred that the road commission does not consider the road in question to be a public highway. The no-fault act defines motor vehicle, in pertinent part, as a vehicle "*operated* or designed for operation *upon a public highway* . . . ." MCL 500.3101(2)(e); MSA 24.13101(2)(e) (emphasis added). The parties stipu-

lated that the ORVs "were not designed for operation
upon the public highway and were not titled or regis-
tered under the Michigan vehicle code." Whether the
ORVs were "motor vehicles" within the meaning of
MCL 500.3101(2)(e);  MSA 24.13101(2)(e)[1] therefore
depends on whether they were being operated on a
"public highway" at the time of the accident.

Although the parties stipulated certain facts, we
must reiterate that this case was not tried. Rather,
defendant sought summary disposition pursuant to
MCR 2.116(C)(10).  The court not only denied defend-
ant's motion but also granted partial summary dispo-
sition to plaintiff, finding that she was "entitled to
unspecified No-Fault benefits from defendant." In
denying defendant's motion, the trial court made the
following findings, in pertinent part:

> Paragraph 5 of the "Stipulation of Facts" establishes that
> plaintiff's vehicle was not *designed* for operation upon a
> public highway. However, the Court must still determine
> whether or not the accident took place while the vehicles
> were operated on a "public highway." The No-Fault Act
> does not define "public highway," but does define "high-
> way" at MCL 500.3101(2)(b);  MSA 24.13101(2)(b)  by incor-
> porating the definition of "highway" appearing at MCL
> 257.20;  MSA 9.1820,  which states:
>   " 'Highway or street' means the entire width between the
> boundary lines of every way publicly maintained when any
> part thereof is open to the use of the public for purposes of
> vehicular travel."
>   The Court holds that because this definition of "highway"
> appears in the No-Fault Act itself, and because the defini-
> tion refers to a "way" which "is open to the use of the pub-

---

[1] Defendant refers this Court to *Nelson v Transamerica Ins Services*,
441 Mich 508, 513, n 13; 495 NW2d 370 (1992),  where our Supreme Court,
speaking of a motorcycle that collided with a truck, stated that "being on
a public road does not change the character of an ORV . . . ."

lic . . . ," that this definition applies to both the term "high-
way" and "public highway" when used in the No-Fault Act.
As the stipulation of facts indicates that the road upon
which the accident occurred had been maintained by Oce-
ana County (see Paragraph 6 of the Stipulation of Facts
[which stated that the "Oceana County Road Commission
has occasionally plowed snow off the roadway involved in
the accident and has repaired a portion of the roadway
which 'washed out' due to flooding"]); that the two ORV's
had unimpeded access to the road; that the photos of the
road attached to the "Stipulation of Facts" reveal unim-
peded access to the road by the general public; and that no
factual issue has been raised that the road was *not* open to
the general public, the Court finds that the two ORV's were
being operated on a "public highway" when the accident
occurred. Because the two ORV's were operated on a public
highway at the time of the accident, they were "motor vehi-
cles" within the meaning of MCL 500.3101(2)(e);   MSA
24.13101(2)(e).

Upon our review de novo, we find that genuine
issues of material fact abound regarding whether the
road at issue constituted a "public highway" and that
the trial court erred in granting summary disposition.

First, the parties' stipulation of facts incorporates
the affidavit of Michael Smith, engineer-manager of
the Oceana County Road Commission attached to the
stipulation of facts. Mr. Smith avers that the local
road commission does not consider the involved
roadway to be a public highway, but he also states
that the Oceana County Road Commission occasion-
ally has plowed snow off the roadway and has
repaired a portion of the roadway washed out by
flooding. We believe that a question of fact exists
regarding whether this infrequent attention to the
roadway constitutes "public maintenance" of the
road, pursuant to MCL 257.20;   MSA 9.1820,   as

applied through MCL 500.3101(2)(b); MSA 24.13101(2)(b).

Second, our review de novo of the photographs attached to the stipulation of facts reveals nothing more than the area surrounding the accident; the photographs do not show the access points to the road. Moreover, the stipulation is silent regarding how the ORVs gained access to the roadway and does not state that access to the road was unimpeded. Thus, the trial court's conclusion that the general public had "unimpeded access" to this allegedly public road was unsupported by the evidence.

Finally, we find nothing in the record or the stipulated facts that names the owners of the property or roadway where the accident occurred. Plaintiff's complaint alleges that the roadway, known as Sand Road, is approximately seventeen feet wide and is a dedicated roadway used by the general public. We find no other evidence or documentation supporting the alleged public dedication; in fact, the parties stipulated that the collision occurred "on an unpaved, undedicated thoroughfare . . . ." Exhibit 3 to the stipulation of facts shows that the accident occurred at the intersection of two dirt roads that cross both private property and property owned by the state of Michigan in Section 33 of Otto Township in Oceana County. Clearly, more information is needed regarding the status of the roadway, the local road commission's actions regarding the roadway, the entrances and exits used to gain access to the roadway, and the ownership rights to the roadway before the trial court can resolve the genuine issue of material fact regarding whether this road constituted a public highway. We therefore reverse the grant of summary disposi-

tion in favor of plaintiff on this ground and remand for further proceedings.

## II

In addition, defendant argues that the trial court erred in denying defendant's motion for leave to file a third-party complaint against the owners of the uninsured vehicles involved in the accident to seek reimbursement pursuant to MCL 500.3177(1); MSA 24.13177(1). We disagree. The decision to grant or deny a motion to implead rests within the trial court's sound discretion and will not be disturbed absent an abuse of discretion. *Ureche v Holbrook*, 110 Mich App 557, 559; 313 NW2d 148 (1981). Determining whether the trial court accurately and faithfully applied the law in making its determination falls within the ambit of this review.

Subsection 3177(1) of the no-fault act, MCL 500.3177(1); MSA 24.13177(1), states:

> An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his or her estate. . . . An uninsured motor vehicle for the purpose of this section is a motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident.

The trial court denied defendant's motion because reimbursement is available only with regard to vehicles that are required to be insured under the no-fault act, MCL 500.3177(1); MSA 24.13177(1), and the ORVs involved in the accident were not required to be so

insured pursuant to MCL 257.1603; MSA 9.3300(3) as in force at the time of the accident, now MCL 324.81106; MSA 13A.81106.

We can find no abuse of discretion where the trial court has made a decision on the basis of an accurate determination of the applicable law. As a general proposition, the no-fault act was enacted to provide motorists with assured, adequate, and prompt reparations from their insurers in the event of a motor vehicle collision, without regard to fault or negligence, while protecting motorists from tort liability. *Walker v Farmers Ins Exchange*, 226 Mich App 75, 78-79; 572 NW2d 17 (1997). Section 3113 of the no-fault act, MCL 500.3113; MSA 24.13113, identifies those persons who are not entitled to personal protection insurance benefits under the act, including persons who are unlawfully in possession of the vehicle or who fail to purchase the required insurance for their own vehicles. It does not include persons who, by the grace of the Legislature, are exempted from purchasing no-fault insurance. Thus, under §§ 3113 and 3177, someone who drives a motor vehicle, is involved in an accident, and had failed to obtain the required no-fault insurance is not entitled to the protections from tort liability that the no-fault act offers, i.e., the no-fault insurer can sue him in a third-party action premised on his unlawful operation of a motor vehicle. On the other hand, a person specifically *exempted* from purchasing no-fault insurance should not be cast into the group of wrongdoers listed in § 3113 and suffer this fate. Clearly, that would not be what the Legislature intended.

Even assuming that plaintiff is entitled to no-fault coverage, it would be illogical to grant plaintiff the

protections from tort liability that the no-fault act offers but to then expose plaintiff's husband, the owner and driver of the ORV in which plaintiff was a passenger, and the other ORV driver's estate to tort liability under § 3177, when ORV owners and drivers who do not purchase no-fault insurance for their ORVs are in compliance with MCL 324.81106; MSA 13A.81106. In short, we can find no support in the statute or any rationale from case law to hold someone liable who has not violated the no-fault act. Defendant presents no compelling argument supporting such a conclusion and fails to refer us to case law supporting this conclusion. A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim. *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992). Accordingly, we find that the trial court did not abuse its discretion in denying defendant's motion to file a third-party complaint.

III

Finally, we also reject defendant's argument that the trial court's decision that the vehicles were ORVs is inconsistent with its decision that they were motor vehicles. It is clear from the definitions of motor vehicle, MCL 500.3101(2)(e); MSA 24.13101(2)(e), and ORV, MCL 257.1601(m); MSA 9.3300(1)(m) as in force at the time of the accident, now MCL 324.81101(n); MSA 13A.81101(n), that these categories are not mutually exclusive. See *Nelson v Transamerica Ins Services*, 441 Mich 508, 516; 495 NW2d 370 (1992). Another example of a vehicle's being simultaneously a motor vehicle and an ORV is found in *State Farm Mut Automobile Ins Co v Wyant*, 154 Mich App 745, 748; 398 NW2d 517 (1986), where this Court held that a

farm tractor being used for a hayride was a motor vehicle because it was being operated on a public highway.[2] Again, the Legislature has apparently seen fit to define motor vehicles as it clearly has and, in fact, intended that, on occasion, no-fault benefits will be afforded to someone injured as a result of the ownership, operation, maintenance, or use of a motor vehicle that is not required to be registered or insured.[3]

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

---

[2] We recognize that "a farm vehicle *being used for farming*" is excluded from the statutory definition of an ORV. MCL 324.81101(n); MSA 13A.81101(n).

[3] *Lee v DAIIE*, 412 Mich 505; 315 NW2d 413 (1982), presents another example of a no-fault insurer's being held liable for personal protection insurance benefits although no-fault insurance was not required to be purchased for the motor vehicle involved in the accident. In *Lee*, the plaintiff was employed by the United States Postal Service and injured his back while unloading mail from a mail truck. *Id.* at 508. The plaintiff sought no-fault personal protection insurance benefits under the no-fault insurance policy covering his personal vehicle. *Id.* Although the mail truck, as a vehicle owned by the federal government, did not have to be insured, *id.* at 508, n 2, the Michigan Supreme Court concluded that the plaintiff was entitled to no-fault personal protection insurance benefits because he suffered accidental bodily injury arising from the use of a motor vehicle as a motor vehicle. See *id.* at 516-517.