ALLSTATE INSURANCE COMPANY v DEPARTMENT OF
MANAGEMENT AND BUDGET

Docket No. 243201. Submitted December 2, 2003, at Lansing. Decided
December 9, 2003, at 9:40 A.M.

Allstate Insurance Company brought an action in the Court of Claims
against the Department of Management and Budget (DMB), seeking
reimbursement for no-fault personal protection insurance benefits
it paid to Paul Pochmara pursuant to assignment by the Assigned
Claims Facility. Pochmara had sustained injuries while riding an
off-road vehicle (ORV) on a public highway, on his way from one
section of a state-maintained ORV trail to another, when he collided
with a state-owned truck self-insured by the DMB. The Court of
Claims, James R. Giddings, J., denied the DMB's motion for summary
disposition and granted Allstate's motion for summary disposition
and entered a judgment in favor of Allstate, reasoning that the
operation of the ORV on a public highway only for the purpose of
accessing the state-maintained ORV trails did not make the ORV a
"motor vehicle" as defined by the no-fault act, MCL 500.3101(2)(e),
for purposes of determining the appropriate priority of payment
provision of the no-fault act. The DMB appealed.

The Court of Appeals *held*:

1. Subsection 3101(2)(e) defines "motor vehicle" as a vehicle
operated or designed for operation upon a public highway. The
location where the vehicle is operated, not the reason or purpose
for the vehicle's being at the particular location, is the sole factor
to be addressed in deciding whether the vehicle was operated upon
a public highway. When a vehicle is operated upon a public high-
way, regardless of the vehicle operator's intent, it is a "motor vehi-
cle" under subsection 3101(2)(e).

2. The priority provision applicable to this matter is MCL
500.3114(4) because Pochmara sustained bodily injury while an
occupant of a motor vehicle. Because the DMB is neither the insurer
of the owner or registrant of the vehicle occupied by Pochmara nor
the insurer of Pochmara, the operator of the vehicle occupied, pur-
suant to subsection 3114(4), summary disposition should have been
granted in favor of the DMB.

Reversed and remanded.

Insurance — No-Fault Insurance — Off-Road Vehicles — Words and
     Phrases — Motor Vehicles.

    A "motor vehicle" for purposes of the no-fault insurance act is a vehi-
     cle operated or designed for operation upon a public highway; the
     location where the vehicle is operated, regardless of the intent of
     the operator of the vehicle for being at the particular location, is
     the sole factor to be addressed in deciding whether the vehicle is
     operated upon a public highway; an off-road vehicle, when oper-
     ated upon a public highway, even for the limited purpose of con-
     necting between state-maintained off-road vehicle trails, is a "motor
     vehicle" under the act for purposes of determining the applicable
     priority of payment provisions under the act (MCL 500.3101[2][e]).

*Potter, DeAgostino, Campbell & O'Dea* (by *P. Kelly
O'Dea*) for Allstate Insurance Company.

*Michael A. Cox*, Attorney General, *Thomas L.
Casey*, Solicitor General, and *James T. Farrell* and
*Sherri T. Fleming*, Assistant Attorneys General, for
the Department of Management and Budget.

Before: WHITBECK, C.J., and HOEKSTRA and DONOFRIO,
JJ.

PER CURIAM. Defendant Department of Management
and Budget (DMB) appeals as of right from the order
of the Court of Claims entering a money judgment in
favor of plaintiff Allstate Insurance Company and
against the DMB in the amount of $43,099.97. The DMB
contends that the Court of Claims erred in granting
Allstate's motion for summary disposition, denying
the DMB's motion for summary disposition, and order-
ing the DMB to reimburse Allstate for the personal pro-
tection insurance benefits that Allstate paid to Paul
Pochmara, including loss adjustment costs, attorney
fees, and interest. Resolution of this appeal requires
us to decide, for purposes of determining the applica-
ble priority of payment provision of Michigan's no-

fault act,[1] whether an off-road vehicle (ORV) is a motor vehicle as defined by subsection 3101(2)(e) of the no-fault act, MCL 500.3101(2)(e), when the ORV is on a public highway only for the purpose of connecting with state-maintained ORV trails. We hold that, in these circumstances, an ORV is a "motor vehicle" under the statute, and thus in the present case the applicable priority of payment provision of the no-fault act is subsection 3114(4), MCL 500.3114(4). Accordingly, we reverse and remand to the Court of Claims with instructions to grant the DMB's motion for summary disposition.

On May 30, 1999, Paul Pochmara was operating an ORV on Eisen Trail, a public highway in Cheboygan County, when a state-owned pickup truck operated by an employee of the Department of Natural Resources (DNR) collided with Pochmara's ORV. As a result, Pochmara sustained injuries and was unable to work for a time.

Pochmara sought coverage for first-party no-fault benefits from Citizens Insurance Company of America, apparently believing that it insured him under his employer's no-fault policy, but Citizens denied coverage on the basis that neither the ORV nor Pochmara were covered by the policy. Pochmara also made a claim with the DMB as the self-insurer of the DNR pickup truck. The DMB also denied his claim, but on the basis that it was not in priority to pay benefits. Thereafter, Pochmara sought benefits through the Assigned Claims Facility (ACF), MCL 500.3171 *et seq.*, which assigned his claim to Allstate. Allstate paid

---

[1] MCL 500.3101 *et seq.*

Pochmara personal protection insurance benefits of approximately $16,000.

On January 31, 2000, Allstate initiated this declaratory judgment action seeking reimbursement of the moneys it paid to Pochmara. Allstate alleged that Citizens, as insurer of Pochmara's motor vehicles through a commercial policy issued to Pochmara's employer, was liable for first-party no-fault benefits under MCL 500.3114(1). Alternatively, Allstate claimed that if Pochmara was not entitled to benefits from Citizens, then the DMB must pay benefits under MCL 500.3115(1). Subsequently, Allstate voluntarily agreed to the dismissal of Citizens from the action,[2] leaving only Allstate's claim against the DMB to be resolved by this litigation.

The DMB and Allstate filed competing motions for summary disposition pursuant to MCR 2.116(C)(10). In its ruling on the motions from the bench, the Court of Claims did not specifically address the priority statutes; rather, it focused on whether Pochmara's operation of the ORV on Eisen Trail was the operation of a "motor vehicle" as defined by the no-fault act, MCL 500.3101(2)(e). Critical to the court's reasoning was its finding that although Pochmara was unquestionably operating an ORV on a public highway, he was doing so only as necessary to connect between two sections of an ORV recreational trail that the state maintains. The Court of Claims concluded, in essence, that operation of an ORV on a public highway for purposes of accessing state maintained ORV trails

---

[2] The record reveals that on January 30, 2001, the Court of Claims entered an order for partial dismissal with prejudice with regard to Citizens only. No issue from this aspect of the action is now before this Court.

does not make the ORV a "motor vehicle" as defined by MCL 500.3101(2)(e). Thus, the court entered an order granting Allstate's motion for summary disposition, denying the DMB's competing motion, and directing the DMB to reimburse Allstate for all first-party benefits paid to Pochmara, including loss adjustment costs, attorney fees, and interest. Ultimately, the court entered a judgment against the DMB in the amount of $43,099.97. This appeal ensued.

On appeal, the DMB argues that the Court of Claims erred in denying its motion for summary disposition and in granting Allstate's motion for summary disposition. Specifically, the DMB asserts that an ORV operated on a public highway[3] is a "motor vehicle" as defined by subsection 3101(2)(e) of the no-fault act, and therefore, when determining the order of priority for payment of no-fault personal protection insurance benefits, subsection 3114(4) of the act governs. We agree.

We review the Court of Claims's grant or denial of summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when

---

[3] For purposes of its summary disposition motion, Allstate stipulated that Pochmara was operating the ORV on a public highway when the accident occurred. At the hearing on the competing motions, Allstate informed the Court of Claims that during the depositions the parties stipulated that Eisen Trail was a public highway.

the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Resolution of the matter before us requires statutory interpretation, which is a question of law that we review de novo. *Royal Oak v Southeastern Oakland Co Resource Recovery Auth*, 257 Mich App 639, 642; 669 NW2d 322 (2003). Recently, our Supreme Court reiterated well-established principles of statutory construction:

> When interpreting statutory language, [a court's] obligation is to discern the legislative intent that may reasonably be inferred from the words expressed in the statute. *Wickens v Oakwood Healthcare System*, 465 Mich 53; 631 NW2d 686 (2001). When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case. *Turner v Auto Club Ins Ass'n*, 448 Mich 22; 528 NW2d 681 (1995). In construing a statute, the words used by the Legislature must be given their common, ordinary meaning. MCL 8.3a. [*Veenstra v Washtenaw Country Club*, 466 Mich 155, 159-160; 645 NW2d 643 (2002).]

Under Michigan's no-fault act, a person suffering bodily injury in a motor vehicle accident is entitled to personal protection insurance benefits payable by an insurer without regard to fault. MCL 500.3105. At issue in the instant case is whether Pochmara's ORV should be considered a "motor vehicle" at the time of the accident for purposes of determining the priority for payment of no-fault benefits. MCL 500.3101(2)(e) defines "motor vehicle" as

a vehicle, including a trailer, *operated* or designed for operation *upon a public highway* by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b of Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan Compiled Laws. Motor vehicle does not include a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan vehicle code pursuant to section 216 of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.216 of the Michigan Compiled Laws. [Emphasis supplied.]

Once a determination is made concerning whether Pochmara's ORV, at the time of the accident, was a motor vehicle under the no-fault act, then the priority of payment provisions of the act come into play. Certain provisions of the no-fault act provide an order of priority for payment in cases where there is more than one insurer whose insured is involved in an accident. Relevant to this case are two priority provisions, MCL 500.3114(4) and MCL 500.3115(1). MCL 500.3114(4) provides:

Except as provided in subsections (1)[4] to (3), a person suffering accidental bodily injury arising from a motor vehicle accident *while an occupant of a motor vehicle* shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied. [Emphasis supplied.]

---

[4] As relevant, subsection 3114(1), MCL 500.3114(1), provides that no-fault benefits are first payable by the injured person's own no-fault insurer or the no-fault insurer of a relative who is domiciled in the same household. Pochmara had no such insurance.

MCL 500.3115(1) provides:

> Except as provided in subsection (1) of section 3114,[5] [MCL 500.3114(1)] a person suffering accidental bodily injury *while not an occupant of a motor vehicle* shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) Insurers of owners or registrants of motor vehicles involved in the accident.
>
> (b) Insurers of operators of motor vehicles involved in the accident. [Emphasis supplied.]

The applicability of these priority provisions clearly depends on whether the injured person, in this case Pochmara, was an occupant of a motor vehicle.

Here, the DMB contends that MCL 500.3114(4) applies because Pochmara's injuries occurred while he was "an occupant of a motor vehicle," i.e., that Pochmara's ORV was a "motor vehicle" as defined by subsection 3101(2)(e). In support of its argument, the DMB relies on *Morris v Allstate Ins Co*, 230 Mich App 361; 584 NW2d 340 (1998), arguing that because Pochmara was operating his ORV on a public highway when the collision occurred, the ORV was a motor vehicle for purposes of the no-fault act. In contrast, Allstate contends that at the time of the occurrence Pochmara's ORV was not a "motor vehicle" as defined by subsection 3101(2)(e), and therefore Pochmara was injured "while not an occupant of a motor vehicle" and MCL 500.3115(1) applies. Allstate argues, and the Court of Claims agreed, that the presence of Pochmara's ORV on Eisen Trail, i.e., a public highway, was incidental to his operation of the ORV on a state-maintained recreational trail and, as a result, the ORV

---

[5] See n 4.

was not operated on a public highway as required for it to be a "motor vehicle" as defined by subsection 3101(2)(e). Allstate focuses on Pochmara's intent to use Eisen Trail only to continue riding on state-maintained ORV trails, and suggests that subsection 3101(2)(e), which provides the definition of "motor vehicle," should be interpreted as including only those vehicles operating upon and traveling upon a public highway as a public highway, not those incidentally crossing the public highway.

Resolution of which of the two priority provisions at issue is applicable in the instant case depends on whether Pochmara's ORV is categorized as a "motor vehicle" under subsection 3101(2)(e) of the no-fault act.[6] As previously stated, subsection 3101(2)(e) defines "motor vehicle" as a vehicle "*operated* or designed for operation *upon a public highway* . . . ." (Emphasis supplied.) Given this plain and unambiguous language, judicial construction is neither warranted nor permitted. *Veenstra, supra; DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000) (Where the plain language of a statute is unambiguous, "we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written."). Nothing in subsection 3101(2)(e) indicates that the inquiry should extend

---

[6] Whether MCL 500.3114(4) or MCL 500.3115(1) is applicable is determinative of whether the DMB or Allstate is liable for coverage because MCL 500.3115(1) provides that when no policy covers the injured person, the "insurers of owners or registrants of motor vehicles involved in the accident" are in the order of priority; but MCL 500.3114(4) does not provide likewise. Consequently, the only way the DMB, which is an insurer of a motor vehicle involved in the accident, to wit the DNR pickup truck, can be held liable is if the applicable priority provision is MCL 500.3115(1).

into an examination of the reason or purpose for the vehicle's being at a particular location. Rather, the plain language of the provision indicates that the place of operation, i.e., the location where the vehicle is operated, is the sole factor to be addressed in deciding whether a vehicle was "operated . . . upon a public highway . . . ." In other words, when a vehicle is operated upon a public highway, regardless of the vehicle operator's intent, it is a "motor vehicle" under the no-fault act. We cannot find that that simple directive in the language of subsection 3101(2)(e) suggests anything more than establishing a particular location that is a public highway, see *Morris, supra* at 364-365,[7] and furthers the purpose of prompt determina-

---

[7] In *Morris, supra* at 365, this Court, noting that the parties stipulated that the ORVs involved in a collision " 'were not designed for operation upon the public highway and were not titled or registered under the Michigan vehicle code[,]' " indicated that "[w]hether the ORVs were 'motor vehicles' within the meaning of MCL 500.3101(2)(e) . . . therefore depends on whether they were being operated on a 'public highway' at the time of the accident." In that case, the plaintiff, an injured passenger on one of two ORVs that collided, sought no-fault benefits. Although the lower court's grant of partial summary disposition was reversed on grounds that a question of fact existed regarding whether the incident occurred on a public highway, this Court went on to affirm the lower court's finding that vehicles that are ORVs as defined in MCL 324.81101(m) can also be motor vehicles as defined by subsection 3101(2)(e) of the no-fault act. Relying on *Nelson v Transamerica Ins Services*, 441 Mich 508, 516; 495 NW2d 370 (1992), this Court reasoned that those "categories are not mutually exclusive." *Morris, supra* at 370. The *Morris* Court further explained that "the Legislature has . . . intended that, on occasion, no-fault benefits will be afforded to someone injured as a result of the ownership, operation, maintenance, or use of a motor vehicle that is not required to be registered or insured." *Id.* at 371.

To the extent that Allstate argues that disregarding the purpose of being on the public highway would render nugatory a provision of the Michigan legislation regulating ORVs, MCL 324.81101 *et seq.*, specifically MCL 324.81106, which provides that ORVs are exempt from the insurance code's no-fault automobile provisions, we disagree. See *Morris, supra*. Contrary to Allstate's argument, our holding does not prevent an ORV operator injured in a collision with a motor vehicle on a public highway from

tion and payment under the no-fault act. See *Amy v MIC Gen Ins Corp*, 258 Mich App 94, 132; 670 NW2d 228 (2003). Further, the no-fault act defines highway in MCL 500.3101(2)(b) by incorporating the definition of "highway" found in the Michigan Vehicle Code at MCL 257.20, which states:

> "Highway or street" means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

This definition focuses on the traveled portion of a public roadway open to the public for vehicular travel, which is where Pochmara was operating his ORV at the time of the collision.

In sum, we hold that when an ORV is operated upon a public highway, regardless of whether it is there for the limited purpose of accessing recreational trails, it is a "motor vehicle" under the statute for purposes of determining the applicable priority of payment provision. Here, because Pochmara sustained bodily injury "while an occupant of a motor vehicle," the applicable priority of payment provision of the no-fault act is MCL 500.3114(4). Because the DMB is neither the insurer of the owner or registrant of the vehicle occupied nor the insurer of the operator of the vehicle occupied, MCL 500.3114(4), summary disposition should have been granted in its favor.

---

obtaining no-fault benefits nor does it negate the legislation exempting ORVs from the registration and insurance requirements of the no-fault act, see *Nelson, supra* at 516-519; *Michigan Millers Mut Ins Co v Farm Bureau Gen Ins Co*, 156 Mich App 823, 829-830; 402 NW2d 96 (1986); rather, it recognizes the Legislature's clear intent concerning what vehicles are considered motor vehicles under the no-fault act for purposes of determining priority for payment of no-fault benefits.

Reversed and remanded. We do not retain jurisdiction.